---

DUTCHER *v.* HOBBY, trustee, for use.

Where property sold under a void foreclosure of a mortgage as the property of a mortgagor, has been purchased at sheriff's sale, and the purchase money applied to the payment of the mortgage, and the sale and purchase are afterwards set aside and declared void, the purchaser can be subrogated to the rights which the mortgagee originally had to have his mortgage foreclosed and the property therein conveyed sold in discharge of the lien of the mortgage.

November 21, 1890.

Sales. Mortgages. Subrogation. Equity. Before Judge RONEY. Columbia superior court. March term, 1890.

For previous parts of this litigation see 77 *Ga.* 504,

80 *Ga.* 124, and 83 *Ga.* 1. The present case was made by a petition filed by Hobby as trustee, suing for the use of Warren, administrator of Caswell, against several Bunches and one Dutcher, the following facts appearing: Petitioner conveyed certain land to Mrs. Bunch and her children. For part of the purchase money she gave her notes for $300, secured by her mortgage on the land. Default was made in the payment of the notes; petition for foreclosure of the mortgage was filed; rule *nisi* was granted and served by leaving it at the residence of the defendants; rule absolute was granted, from which execution issued and was levied on the land, which was sold and bid off for $324.25 by Caswell, to whom a sheriff's deed was executed, and the net proceeds of the sale were paid to the mortgagee. Upon proceeding to take possession, Caswell was resisted by a bill in equity by the Bunches, on the ground that the foreclosure was illegal, the service being void. The bill admitted the debt, and offered to refund Caswell's bid. It was afterwards dismissed. Then ejectment was brought to recover the land for Caswell's estate (see 83 *Ga.* 1). In the meantime Dutcher had acquired rights as attorney for the Bunches, and he proceeded to foreclose his lien. The land was levied on for one year's taxes (about $7), and was sold by the sheriff and bid off for $15 by one Banks, who received a sheriff's deed and transferred it to one of the Bunches, who is in possession and claims title in fee, free from the mortgage lien. The tax levy was upon the entire land, 140 acres, worth $1,000 and easily divisible, and this levy and the transfer to Bunch were fraudulent and void and for the purpose of defeating the rights of the parties under the mortgage and in the ejectment suit then pending, to which he was a party defendant. Petitioner tenders continuously to him the amount of the bid with ten per cent. interest from

the time of the tax sale. The prayers are, for decree foreclosing the mortgage for the principal and interest of the unpaid purchase money, the same to be paid to Warren, administrator, and declaring the sheriff's deed to Bunch to be void, and that Dutcher's claim rest on what remains after payment of the purchase money for the land; and that he be restrained from enforcing any judgment upon his lien until the priorities are settled by final decree, etc.

Dutcher demurred on the ground that the matters set forth are not sufficient in equity to entitle the petitioner to the relief sought; and to the overruling of this demurrer he excepted.

SALEM DUTCHER, by brief, for plaintiff in error.
FRANK H. MILLER, by brief, *contra.*

BLANDFORD, Justice.

The main question in this case is whether, where property sold under a void foreclosure of a mortgage as the property of the mortgagor which has been purchased by one at sheriff's sale and the purchase money applied to the payment of the mortgage, and said sale and purchase is afterwards set aside and declared void, such purchaser can be subrogated to the rights which the mortgagee originally had to have his mortgage foreclosed and the property therein conveyed sold in discharge of the lien of the mortgage. It will not be necessary to consider any other question made by this record. While we are not permitted to lift the veil of the future, we take the liberty of pushing back the shutters of the past so as to let the light shine upon this question.

We think the authorities sufficiently answer this question in the affirmative. In 2d Freeman on Executions (2d ed.), §352, it is laid down that a purchaser at a void judicial sale, under foreclosure, has the same

right as the original mortgagee himself. In Brobst *v.* Brock, 10 Wall. 534, the court says: "It is enough that an irregular or a void judicial sale, made at the instance of a mortgagee, passes to the purchaser all the rights the mortgagee, as such, had." In Gilbert *v.* Cooley, Walker's Chancery, 494, it was held that though a statutory foreclosure of a mortgage be irregular and no bar to the equity of redemption, yet a purchaser at such sale succeeds to all the interest of the mortgagee. To the same effect see the case of Jackson *v.* Bowen, 7 Cowen, 13, wherein the court held that a conveyance by a mortgagee, as upon a statutory foreclosure under the power of sale in his mortgage, even if the proceedings to foreclose be irregular, yet carries all his interest as mortgagee to the purchaser, as well in the debt as the land mortgaged. Such a deed operates as a good assignment and the purchaser may claim as assignee. See, also, Rorer on Jud. Sales, §224; 1 Jones on Mort. 874, subdiv. (a), §878; Freeman on Void Jud. Sales, 51, 52, 53; Davis *v.* Gaines, 104 U. S. 386; Bentley *v.* Long, 1 Strob. (S. C.) 43; Howard *v.* North, 5 Tex. 290; Robertson *v.* Bradford, 73 Ala. 116; McGee *v.* Wallis, 57 Miss. 638, s. c. 34 Am. Rep. 364. In 1 Story's Eq. Jur. 478, it is said: "Such principle has the highest and most persuasive equity as well as common sense and common justice for its foundation." The cases cited by the learned counsel for the plaintiff in error will be found, upon examination, to apply to the doctrine of *caveat emptor*, which applies to sales upon valid judgments, and is usually invoked with reference to sales upon executions issued against the general property of the judgment debtor. See Boggs *v.* Fowler, 16 Cal. 559, 76 Am. Dec. 561; Smith *v.* Painter, 5 Serg. & R. 223, 9 Am. Dec. 344. And such we find to be the cases in the *Georgia Reports* cited in the brief for the plaintiff in error.

So we are satisfied that the court committed no error in overruling the demurrer filed by the plaintiff in error in this case to the petition of the defendants in error; and the judgment is    .    *Affirmed.*