FREDERICK C. PENNEY vs. MUTUAL INVESTMENT Co.

Argued by appellant, submitted on brief by respondent, July 14, 1893. Affirmed Sept. 8, 1893.

**Evidence Competent under the Issue.**

Upon the issue of an unlawful and unauthorized sale and disposition of property under a chattel mortgage by the mortgagee it is proper for the latter to show that it was sold or disposed of with the consent and by the direction of the mortgagor.

**Findings Supported by the Evidence.**

Evidence *held* sufficient to support the findings of fact in the case.

Appeal by plaintiff, Frederick C. Penney, from a judgment of the District Court of Hennepin County, *Frederick Hooker*, J., entered March 9, 1893.

*Cobb & Wheelwright*, for appellant.

*Penney & Jamison*, for respondent.

VANDERBURGH, J. The defendant took a bill of sale absolute in form of a stock of goods belonging to the plaintiff, and loaned and advanced to the plaintiff thereon the sum of $700. No note or other evidence of indebtedness was taken by defendant, and by its answer it denies that the transaction was a mortgage, which the plaintiff alleges it to be. and avers that it was in fact an absolute sale of property. The plaintiff, on the other hand, alleges that the bill of sale was given as security only, and was a chattel mortgage; that the same was not foreclosed, but that the defendant sold the goods at private sale to a third party, a bona fide purchaser, without the knowledge or consent of the plaintiff. He brings this action for an accounting and for the recovery of the value of the property over and above the indebtedness secured thereby. The court finds that the plaintiff at the date of the bill of sale borrowed of the defendant the sum of $700 for thirty days, and paid interest for that time in advance, and executed the bill of sale as security therefor, "and that after default the plaintiff directed and authorized the defendant to sell said stock and fixtures to Weinhold Brothers, of the city of Minneapolis, at private sale, for a sum sufficient to pay the defendant's loan and interest; that pursuant thereto, on the 12th day of Jan-

uary, 1891, the defendant, by direction of plaintiff, sold said stock and fixtures, and the whole thereof, to said Weinhold Brothers, for the sum of seven hundred and fifty dollars."

The court ordered judgment for the plaintiff for the surplus received over the amount due, ($47,) but found the value of the property when sold to have been $2,450; that the plaintiff was in embarrassed and straitened circumstances at the time of the sale, to the defendant's knowledge, and that no notice of the defendant's intention to foreclose the said chattel mortgage was given to him. The plaintiff asks that the judgment be modified so as to charge defendant with the full value of the goods, on the ground that the sale by defendant was unauthorized. In support of his cause of action plaintiff testified that he had no notice or knowledge of the sale. In rebuttal the defendant, over plaintiff's objection, offered evidence tending to show that the sale to Weinhold Bros. was known to and authorized by the plaintiff. We are of the opinion that this was permissible under the denial in defendant's answer. Plaintiff's allegations, in substance, amount to the charge of an unlawful and unauthorized disposition of the property amounting to a conversion, and his evidence tended to prove this. We think the door was open to the defendant to disprove it,—to show that the sale made was authorized by the defendant, and that there was no conversion. We think there was evidence offered in his behalf sufficient to support the finding of the trial court, and, since that evidence tended to show that the plaintiff expressly authorized the defendant to sell the property to Weinhold Bros. for enough to get its money out of it, and the court has so found, the plaintiff took the risk of such sale, and there is no ground for equitable interference in the case.

Judgment affirmed.

COLLINS, J., took no part in this case.

(Opinion published 56 N. W. Rep. 165.)