E. O. BERG v. GUST OLSON.[1]

January 30, 1903.

Nos. 13,236—(228).

New Trial.

Where a new trial may have been granted upon the ground that the verdict was not justified by the evidence, or for errors in law occurring at the trial, it will be assumed that the order was based upon the latter ground. Laws 1901, c. 46; Halvorsen v. Moon & Kerr Lumber Co., 87 Minn. 18.

Chattel Mortgage—Sale on Foreclosure.

A chattel mortgage provided that the property might be sold upon default of payment, or upon failure by the mortgagor to keep the prop-

1 Reported in 93 N. W. 309.

erty insured. Default having occurred upon the latter ground, the mortgagee took possession and foreclosed the mortgage; stating in the sale notice that default had occurred in the payment of the debt. The mortgagee bid in the property at the sale, credited the amount realized upon the mortgage debt, and then sold the property, and assigned the remaining portion of the debt to a third person. *Held*, conceding, without deciding, that the foreclosure sale was invalid, the purchaser, with reference to the mortgagor, stood in the same relation as did the mortgagee, and in an action against such purchaser to recover the value of the property the mortgagor is entitled to recover only the excess, if any, in the value of the property over the indebtedness. Such purchaser is not a stranger to the mortgage.

Action in the district court for Lac qui Parle county to recover $1,000 and interest upon a promissory note. Defendant answered, interposing a counterclaim for $5,500 damages for conversion. The case was tried before Powers, J., and a jury, which rendered a verdict in favor of plaintiff for $1,431.98. From an order granting a motion for a new trial, defendant appealed. Affirmed.

*Wellington Brown* and *Frank Palmer*, for appellant.

*J. H. Driscoll* and *Lewis E. Jones*, for respondent.

LEWIS, J.

The plaintiff commenced this action to recover upon a promissory note of $1,000 given by defendant to the Minneapolis Threshing Machine Company, and assigned by it to plaintiff before maturity.

The answer admitted the execution of the note, and alleged, by way of counterclaim, that the machine company had sold to defendant a threshing machine outfit, and to secure its payment he executed the following notes: $125, due October 1, 1901; $1,000, due November 1, 1901; $125, due October 1, 1902; $1,000, due November 1, 1902; and $650, due November 1, 1903,—also that the plaintiff was the agent of the machine company, and that the defendant had purchased the property through him; that defendant executed and delivered to the machine company a chattel mortgage upon the purchased property to secure the payment of the notes; that on September 9, 1901, the plaintiff and the machine company attempted to foreclose the mortgage, causing the property to be sold to the machine company for the sum of $1,900, but

that the sale was invalid for the reason that there was no breach in the conditions of the mortgage authorizing the foreclosure; that subsequent to such pretended foreclosure sale the plaintiff and the machine company had sold the property to some person unknown. To this answer the plaintiff served a reply, consisting of a general denial.

During the trial the plaintiff was called to the stand by defendant for cross-examination under the statute, and testified that, at the time he purchased the $1,000 note sued upon, he had also bought the threshing machine outfit from the company; and the case was tried and submitted by the defendant upon the theory that plaintiff, by the purchase of the machine from the machine company, had converted the same to his own use, and that defendant had a right to proceed against him for damages to the same extent as though the property had not been foreclosed, and the plaintiff was a stranger to the mortgage. The trial court submitted the case to the jury upon the theory that the purchase of the machine by plaintiff constituted a conversion, and that they should find the value of the machine on October 24, and from such amount subtract the amount of the note sued on, with interest, and return a verdict for defendant for the difference. The jury accordingly rendered a verdict in the sum of $1,431.98. The plaintiff excepted to that part of the charge submitting the case to the jury upon the above theory, and made a motion for a new trial, which motion having been granted, defendant appealed to this court.

It does not appear upon what ground the court granted the motion for a new trial, and it will not be presumed that a new trial was granted upon the ground that the verdict was not justified by the evidence; but we shall assume, if there are any errors in the rulings or instructions of the court, that it was upon those grounds the court placed its decision. Laws 1901, c. 46; Halvorsen v. Moon & Kerr Lumber Co., 87 Minn. 18, 91 N. W. 28.

We do not deem it necessary to review the many assignments of error. It is sufficient if the case be disposed of upon the main question upon which appellant relies for a recovery, viz., whether or not, under the circumstances, respondent is, in any event, liable

for conversion? The mortgage in this case provided for a fore-closure in case of any default in payment, or if the purchaser should fail to keep the property insured to the amount of its insurable value, with loss payable to the mortgagee, and also contained the usual provision that, if at any time the mortgagee should deem the debt insecure, the whole amount should be deemed payable, and the mortgagee was authorized to take pos-session of and sell the property. It is claimed by appellant that the mortgage sale was invalid for the reason that the notice of sale recited that the default consisted in the failure of the mort-gagor to pay the debt secured, when in fact at that time there was not any default in the actual payment of any of the notes because they were not yet due.

For the purposes of this case we shall assume, without deciding, that the foreclosure was invalid for the reason stated; but if in fact there was a default in the terms of the mortgage which would authorize the mortgagee to take possession of the property and sell it, and if the mortgagee purchased the property for itself at such attempted foreclosure, then the position of the mortgagor and mortgagee was not changed, nor their relative rights affected, by such attempted sale. The mortgagor still owed the debt, and the mortgagee had possession of the property which he held as security therefor. Cushing v. Seymour, Sabin & Co., 30 Minn. 301, 15 N. W. 249; Powell v. Gagnon, 52 Minn. 232, 53 N. W. 1148. The mortgagor could elect to treat the foreclosure as valid and redeem the property at any time before the sale by paying the amount of indebtedness, or, if he chose, he could treat the foreclosure as invalid, and replevin the property and sue in damages for its use, or for the value of the property; but in no event could he recover for its value without accounting for the amount owing thereon. Deal v. D. M. Osborne & Co., 42 Minn. 102, 43 N. W. 835.

If the foreclosure was invalid, and the mortgagee was in posses-sion, there being a default in the mortgage, then the interest in the property which was held by the mortgagee was a lien upon the property for the amount of the debt against it. At the fore-closure sale the property was bid in by the mortgagee for $1,900, which, less the expense, was credited upon the notes in accordance

with the terms of the mortgage. In making such credit, and in selling the property to the plaintiff in connection with the unpaid $1,000, the mortgagee assigned and transferred to the respondent all right, title, and interest in and to the property. That interest consisted of a lien upon the property for the amount of the indebtedness remaining unpaid, and respondent purchased the property subject to all the rights and equities existing between the mortgagor and the mortgagee.

It is alleged in the answer that respondent joined in the foreclosure, and it was proven upon the trial that he was the subsequent purchaser. He stands in the same position as to the mortgagor as did his assignor, the mortgagee, consequently the same rights and obligations exist between them; and it follows that, if the appellant is entitled to any relief as against respondent by reason of the invalid foreclosure sale, he must account for the amount unpaid. Had the mortgagee, before taking possession of the property and attempting to foreclose the mortgage, made an assignment of it to respondent, then, of course, under an invalid foreclosure sale, respondent would stand in the same position as the original mortgagee. It must therefore necessarily follow that, whatever interest the mortgagee may have had in the property and in the remaining indebtedness against the mortgagor, such interest was assignable, and a transfer of the property, together with an assignment of the debt remaining unpaid, would have the same effect as though the mortgagee had made an assignment of the mortgage to respondent, and he had then in like manner taken possession of the property. The same principle is applied to invalid foreclosures of real-estate mortgages. Johnson v. Sandhoff, 30 Minn. 197, 14 N. W. 889.

If the value of the property should be found to be in excess of the entire indebtedness, the mortgagor may recover the difference, but in no event would he be entitled to recover the difference between the value of the property and the $1,000 note. It is no answer to this conclusion to say that the machine company is still the owner of the other notes, and that the defendant may be liable to it thereon, for, as already shown, the mortgagee has transferred to appellant its entire interest, upon the theory of a valid

sale, and has credited the sum of $1,900, less expenses, upon those notes; and there exists no right, in so far as those notes are concerned, in the mortgagee, as against the mortgagor. The cases cited by appellant (Jellett v. St. Paul, M. & M. Ry. Co., 30 Minn. 265, 15 N. W. 237, and Vandiver v. O'Gorman, 57 Minn. 64, 58 N. W. 831) are not applicable, for in those cases the party charged in conversion was a stranger to the mortgage.

For these reasons, the court was right in granting a new trial. Order affirmed.