## HARRILL v. WEER.

No. 480.  Opinion Filed May 10, 1910.

(109 Pac. 539.)

1.  CHATTEL MORTGAGES—Sale of Chattels by Trustee—Remedy of Mortgagor. When a trustee in a deed of trust conveying chattel property sells the property under a power of sale in the deed of trust to a purchaser who is not a party to or beneficiary under the deed of trust, and the mortgagor brings his action against such purchaser to set aside the sale for fraud or for irregularities in the sale, and to recover the property or the entire value thereof, he will not be permitted to maintain the action without tender of the amount of the purchase price paid by the purchaser and interest thereon which has been applied to the liquidation of the mortgaged debt.

2.  CHATTEL MORTGAGES—Power of Sale — Notice of Sale— Waiver. Where a chattel deed of trust contains a power of sale authorizing the trustee under certain conditions to take charge of the mortgaged property, sell the same, and apply the proceeds to the payment of the mortgaged debt, but provides that no sale shall be made without five days notice to the mortgagor, failure to give such notice renders the sale voidable. Such notice, however, being for the benefit of the mortgagor, may be waived by him.

3.    SAME—Waiver of Notice by Participation in Sale.   Where the
      mortgagor is present at the sale and participates therein by
      pointing out the property, giving information to the bidders
      as to its quality and value, and delivered the property to the
      purchaser after the sale, without any objections to the regular-
      ity of the sale, he waives such notice.

4.    CHATTEL MORTGAGES—Sale Under Power—Failure to Ap-
      praise.  Failure of the mortgagee or trustee under a power of
      sale in a mortgage or deed of trust to have the property ap-
      praised before the sale as required by Mansf. Dig. sec. 4760
      (Ind. T. Ann St. 1899, sec 3071), renders the sale void.

5.    SAME—Waiver of Appraisal.  Said provision of the statute re-
      quiring appraisal may be waived by the mortgagor in so far
      as it affects him; and where the mortgagor was present at the
      sale, and, with knowledge of all the proceedings, participated in
      the sale by pointing out the property to be sold, showing its
      qualities and value, and delivered the same after the sale to the
      purchaser, and stood by and permitted the purchaser to pay the
      purchase price to the trustee to be applied upon the mortgaged
      indebtedness, and makes no objections to the sale or the pro-
      ceeding at the time of the sale, or for a period of nine months
      thereafter, he will be deemed, in the absence of fraud, to have
      consented to the sale and waived said appraisement.

      (Syllabus by the Court.)

*Error from District Court, of Wagoner County; John H. King, Judge.*

Action by John E. Weer against Thomas C. Harrill, trustee
for the Western Investment Company.  Judgment for plaintiff,
and defendant brings error.  Reversed and remanded.

*Allen & Pinson, W. T. Hunt,* and *Hutchings, Murphey &
German,* for plaintiff in error.—Citing:  Jones on Chattel Mort-
gages, secs. 801, 434, 435, 773, 684, 687, 683, 709, 812; *Beebe v. De
Baum,* 8 Ark. 510; *Wells v. Conable,* 138 Mass. 513; Herman on
Chattel Mortgages, sec. 214; *Walker v. Stone,* 20 Md. 195; *Mapp
v. Sharp,* 32 Ill. 13; *Clark v. Wilson,* 56 Miss. 753; *Honaker v.
Shough,* 55 Mo. 472; *Dutcher v. Hobdy,* 86 Ga. 108; *Turner v.
Topscott,* 30 Ark. 312; *Railroad Co. v. Parks,* 32 Ark. 134; *Hurst
v. Sawyer,* 2 Okla. 470; *Whittenack v. Railroad Co.,* 57 Fed. 901;
2 Herman on Estoppel and Res Judicata, sec. 1059; *Jowers v.*

*Phelps,* 33 Ark. 465; *Bramble v. Kingsbury,* 39 Ark. 131; *Gill v. Hardin,* 48 Ark. 409; *Danley v. Rector,* 10 Ark. 211.

*W. A. Brigham* and *John R. Thomas,* for defendant in error. —Citing: *Ellenbogen v. Griffey,* 55 Ark. 273; *Webb v. Hunt,* 2 Ind. Ter. 624; Rorer on Judicial Sales, secs. 678-682, 1060; *Sherman v. Eakin,* 47 Ark. 354; *Dean v. Croll* (Mich.) 38 Cen. Law Jour. 450; Bigelow on Estoppel, 437; 1 Story, Eq. sec. 391; *Hill v. Epley,* 31 Pa. St. 334; *Zachtman v. Roberts,* 100 Mass. 53; *Lupton v. Bemer* (Md.) 18 Cent. Law Jour. 176.

HAYES, J. This action was brought in the United States Court for the Western District of Indian Territory at Wagoner by John E. Weer, now defendant in error, against the Western Investment Company and Samuel Feller, trustee. No valid service upon Samuel Feller was ever obtained, and the cause was as to him dismissed. The action was brought to have declared void and set aside for fraud and other irregularities a certain foreclosure sale under a deed of trust, and to redeem the property sold or recover its value. The case was filed on the equity side of the docket, and was referred to a master in chancery for his report on the facts. The master made his report before the admission of the state. At the time of the admission of the state, the cause was pending upon the exceptions of plaintiff to the master's report. In this condition it was transferred, under the terms and provisions of the enabling act (Act June 16, 1906, c. 3335, 34 Stat. 267), to the district court of Wagoner county for final disposition. The findings of fact of the master were favorable to the defendant, the Western Investment Company, but the court sustained general and special exceptions to the report, set the report aside, and found the issues of law and fact in favor of plaintiff, and rendered judgment accordingly. Subsequent to the rendition of judgment, the Western Investment Company became insolvent and was adjudged a bankrupt, and Thomas C. Harrill, trustee for the estate of said company, was made party defendant for the purpose of prosecuting this appeal. For convenience and brevity, we shall throughout this opinion refer to

defendant in error as plaintiff and to the Western Investment Company and the trustee of the estate as defendant. There was a general and special demurrer to plaintiff's petition filed by defendant, which was overruled. A general and special demurrer to defendant's answer was sustained. These two acts of the court constitute the two assignments of error that are relied upon and urged for reversal of the cause. To consider them renders it necessary to state somewhat at length the substance of the pleadings.

Plaintiff in his petition alleges that on May 31, 1901, he executed and delivered a certain chattel deed of trust to Samuel Feller, trustee, to secure certain of his creditors therein named in the payment of indebtedness due by him to them in the aggregate sum of $9,961.51. The property covered and conveyed by the deed of trust consists principally of a stock of merchandise, furniture, and fixtures, books, accounts, notes, choses in action, store building, warehouse, ginhouse, and an agricultural lease, some cattle and farm implements, all of the alleged total value of $33,349. He alleges that on the 28th day of December, 1901, the trustee in said deed of trust made a pretended sale of all the property described therein to defendant, the Western Investment Company, for the sum of $5,202; that said sale was wrongfully, fraudulently, and unlawfully made, and is void for the reason that no part of the property was appraised before said pretended sale; and that plaintiff was not notified of the time and place of sale at least five days before the sale, as is provided by the terms of the deed of trust. He alleges that the trustee and certain of his creditors who were beneficiaries in the deed of trust represented to and promised him that the property would be sold and bid in by one of said creditors for him, the said creditors reserving the right to put a representative in the business establishment to look after and guard the interest of the purchasing creditors for a term of one year, unless the claim of said named creditors should be paid and satisfied before that time, and that in the meantime plaintiff should have control of and manage the business; that, relying on the honesty and good faith of said cred-

itors, plaintiff did not bid upon the property at the pretended sale; that, by reason of his not having five days' notice of the time and place of sale, he was unable to raise sufficient money with which to pay off and discharge the indebtedness secured by the deed of trust; and that said representations and promises on the part of the trustee and said named creditors were made for the purpose of misleading, deceiving, and defrauding him, and that he was thereby deprived of an opportunity to save his property from the sale, as he could and would have done had five days' notice of the sale as required by the deed of trust been given to him. He alleges that the defendant, the Western Investment Company, consorted, confederated, and conspired with the trustee and said creditors named in the deed of trust to deceive him and defraud him out of his property. He alleges that at the sale of the property said creditors failed to purchase for him, and have since refused to carry out their agreement to turn the property over to him; that the same was sold and purchased by the defendant, the Western Investment Company, for much below the real value of the property. He alleges that, in addition to the purchase money paid for the property by defendant, he (plaintiff) has paid since the sale to the trustee the sum of $17,481; that he does not know whether there is a balance due by him on the indebtedness secured by the deed of trust; that he does not know whether the property sold to the defendant has been by it sold or otherwise disposed of but he prays for judgment requiring defendant to surrender all the property purchased by it, and in case it has sold or otherwise disposed of any of said property, or collected any of the notes or accounts purchased, to surrender into custody of the court all moneys or valuable things received by him thereon; and to render a full, true, and complete statement of all the property on hand, and that has been sold or otherwise disposed of so the same cannot be returned, that he have judgment against defendant for the value thereof, including interest from the date of the sale.

Many of the allegations of the petition indicate that the cause of action which plaintiff attempts to set up is one in trover and

for damages for conversion, and much of the brief of counsel for defendant is devoted to an attempt to show the insufficiency of the petition for that purpose. Conceding, without deciding at present, that the foreclosure sale was void because of any or all of the irregularities alleged in the petition, defendant's participation in the sale by becoming the purchaser of the property did not constitute a tort, so as to render him subject to an action for conversion of the property without a return of the purchase price paid by him for the property. There is a line of authorities which hold upon good reason, we think, that, if a chattel mortgage is irregularly foreclosed and the property sold to other than the mortgagee, the mortgagor may treat the action as a conversion of the property by the mortgagee and recover his damages therefor; the measure of his damages in such case being the excess value of the property at the time of the sale over the amount of the mortgaged debt. *Burton v. Randall*, 4 Kan. App. 593, 46 Pac. 326; *Wygal v. Bigelow*, 42 Kan. 477, 22 Pac. 612, 16 Am. St. Rep. 495; *Berg v. Olson*, 88 Minn. 392, 93 N. W. 309; *Bryan v. Baldwin*, 52 N. Y. 232; 2 Cobbey on Chat. Mortgages, par. 1026. It is a well-settled rule that the purchaser at a void foreclosure sale under a mortgage becomes subrogated to all the rights of the mortgagee, and is to be regarded and treated as an equitable assignee of the security to secure him for the purchase money paid by him and applied upon the payment of the mortgagor's debt. *Gillett v. Romig et al.*, 17 Okla. 324, 87 Pac. 325; *Romig v. Gillett*, 187 U. S. 111, 23 Sup. Ct. 40, 47 L. Ed. 97; *Clark et al. v. Wilson*, 56 Miss. 753; *Honaker et al. v. Shough*, 55 Mo. 472; *Dutcher v. Hobby*, 86 Ga. 198, 12 S. E. 356, 10 L. R. A. 472, 22 Am. St. Rep. 444.

It is not contended that the trustee under the terms of the mortgage and statute in force in the Indian Territory did not have the right at the time the sale was made to sell the property for the purpose of applying the proceeds to the payment of the secured debts. The objection to the sale urged is that it was made without notice to plaintiff for the time stipulated in the mortgage and without appraisement, and sold for a sum much less than the

value of the property. After the sale, the relation of defendant and plaintiff as to the mortgaged property became the same that had existed theretofore between plaintiff and the mortgagees. It held the property with a lien thereon in its favor to secure the payment of that part of the mortgaged debt to which it had become assignee by operation of the sale, and it had the same right to sell said property in accordance with the terms and provisions of the mortgage for the payment of said debt that the mortgagees had. It might, by violating the terms of the mortgage, have rendered itself subject to an action for conversion, but its purchase at the sale did not so do, and if the mortgagees had purchased at the sale, and defendant had thereafter purchased from them, such acts would have constituted no tort for which the defendant would have been liable. *Berg v. Olson, supra.*

Plaintiff does not charge that defendant has in violation of the terms of the mortgage sold or disposed of any of the property or been guilty of any other act that would constitute a conversion which would render him liable to account for the value of the property. Assuming the sale to be invalid, plaintiff had two remedies from which to elect. He could treat the same as invalid, and bring his action against the trustee and beneficiaries for an accounting and for value of the property in excess of the mortgaged debt, but in no event could he recover the value of the property without accounting for the amount due on the mortgaged debt. *Deal v. Osborn & Co.,* 42 Minn. 102, 43 N. W. 835; *Berg v. Olson, supra.* Or he could have brought his action against defendant to redeem the property by tendering to it a sum sufficient to pay its claim against the property; and, had defendant, after the purchase of the property, sold same or otherwise disposed and converted the same to its use, the relations between defendant and plaintiff would then have been identical with those now existing between him and the mortgagees, and he could have brought his action against defendant for an accounting and to recover damages for the excess value of the property over the amount of its lien. Counsel for plaintiff state that it is the sec-

ond remedy they invoke in this action. The following language is taken from their brief:

"This suit is not in trover or in replevin. It is a suit in equity, based on the equity of redemption of the mortgagor and to ascertain his right to recover his interest thereunder, and that the property acquired by plaintiff in error at this sale is held as trust by him for defendant in error."

In response to this contention as to the theory of plaintiff's petition, defendant contends that the petition fails to aver facts sufficient to entitle the plaintiff to recover the mortgaged property, in that it is not shown that plaintiff, before the institution of the action, made tender of the amount of the debt due by him to defendant by reason of his subrogation to the rights of the mortgagees, and for the reason that he fails in his petition to tender said amount. Without alleging whether any of the property is now in possession of defendant or has been disposed of by it in violation of the terms of the mortgage, and without any averment that defendant's lien has been paid, and without offer to pay same, plaintiff seeks by his petition to have returned to him all the property covered by the mortgage, if the same be in the possession of defendant, and, if it be not in its possession, that he have judgment for the entire value of same. There is an allegation in the petition that, in addition to the purchase price paid by defendant, there has been paid by plaintiff to the trustee and the beneficiaries approximately $17,000 since the date of the sale; but he nowhere alleges that any sum whatever has been paid by him to defendant in satisfaction of its claim acquired by reason of the sale. All payments alleged to have been paid by him were to the trustee for the mortgagees after the sale.

"A bill to redeem must in substance make a tender of the amount due upon a mortgage. It need not offer in express words what may be found due, but it must in substance do this." (Jones on Chat. Mortgages, par. 690.)

See, also, 7 Cyc. 89. The demurrer to the petition should have been sustained.

The answer admits the execution and delivery of the mort-

gage, the sale and the purchase by defendant of the property. It states that defendant is without knowledge whether the property was appraised before the sale and whether plaintiff was not notified as alleged in his petition, but alleges that plaintiff consented to the sale, that he was present thereat, gave information to the bidders as to the character, quality, and value of the property, made no objection whatever to the sale, and, after defendant had purchased the property, he pointed out and delivered to defendant's agent, without any objection or protest whatever, the property purchased by him. It denies that defendant was party to any contract or agreement between the trustee and creditors or any of them with plaintiff, whereby it was agreed that the property should be sold and the same bid in by one of the creditors for the benefit of plaintiff, and denies that it had knowledge of any such contract between said creditors, and denies that defendant conspired and confederated with the creditors and trustee in making false and fraudulent representations and promises to plaintiff to secure his consent to the sale, or that it had knowledge of any such representations or promises. It denies that the property bought by defendant is of the value alleged in the petition, and alleges that the price paid by defendant, to wit, the sum of $5,202, was a fair price.

The demurrer, which objected generally to the sufficiency of the answer to constitute a defense and specifically to certain portions thereof, was sustained in its entirety, and the answer struck out. The rule prevailing in the jurisdiction in which this action arose is that, if there are several defenses in the same answer and the demurrer be to the whole answer, it must be overruled, if any one of the defenses be good, although the others be insufficient (*Turner v. Tapscott,* 30 Ark. 312; *Cairo & Fulton Ry. Co. v. Parks,* 32 Ark. 134), and the same rule prevails in this jurisdition (*Cockrell et al. v. Schmitt,* 20 Okla. 207, 94 Pac. 521; *Hurst v. Sawyer,* 2 Okla. 470, 37 Pac. 817). The petition seeks to avoid the sale upon three grounds: First, on account of fraud

of defendant and inadequacy of price for which the property sold; second, failure to give notice of the sale to plaintiff in accordance with the terms of the mortgage; third, want of appraisement before the sale. The facts constituting the first alleged ground for avoiding the sale are specifically denied by the answer, and it is averred therein that the property sold for the fair reasonable value. These averments are sufficient to constitute a valid defense to the first alleged cause of action.

The mortgage contains a power of sale authorizing the trustee, under certain conditions, to take charge of the property and to sell the same at public or private sale, without public notice; but it provides that no sale shall be made without at least five days' notice to plaintiff. Plaintiff as mortgagor had a right to stipulate for such notice, in order that he might have an opportunity to protect his rights at any sale made under a deed of trust by being present at the sale, or to redeem the mortgaged property before the sale. In selling trust property under the provision of a deed of trust, the terms of the deed of trust must be substantially followed; and failure to give a notice stipulated for renders the sale subject to be set aside. (*Whitehead v. Coyle*, 1 Ind. App. 450, 27 N. E. 716, *Silva et al. v. Lopez et al.*, 5 Hawaiian, 262; Jones on Chat. Mortgages, par. 795), but the notice is for the benefit of the mortgagor, and he may waive it (*Penney v. Mutual Inv. Co.*, 54 Minn. 541, 56 N. W. 165; *Welcome v. Mitchell*, 81 Wis. 566, 51 N. W. 1080, 29 Am. St. Rep. 913; *Bourke v. Vanderlip's Executor et al.*, 22 Tex. 222; *Marseilles Mfg. Co. v. Perry*, 62 Neb. 715, 87 N. W. 544; *McConnell v. People*, 71 Ill. 481). See, also, *Beebe v. DeBaun*, 8 Ark. 510. If defendant was present at the sale, as alleged in the answer, and the averments therein must be taken as true for the purpose of the demurrer, if he participated in the sale by pointing out the property to be sold, by showing the quality thereof and by helping to deliver the same after the sale, without objection he must be held, in the absence of fraud, to have waived the notice required by the terms of the deed of trust.

Section 4760, Mansf. Dig. (Section 3071, Ind. T. Ann. St. 1899), requires that, before any sale is made by any mortgagee or trustee under a power of sale in a mortgage or deed of trust, such mortgagee or trustee shall have .the property to be sold ap-- praised by a board of appraisers to be appointed by the nearest justice of the peace in such township in which such sale is to be made; and the property shall not sell at the first offering, if less than two-thirds of the appraised value. Failure to have appraise- ment made renders the sale void. *Webb v. Hunt,* 2 Ind. T. 612, 53 S. W. 437. This provision of the statute, like provisions re- quiring notice of the time and place of sale, is for the benefit of the mortgagor, and is designed to protect him against a forced sale of his property at a price much below its value. The statute being for the benefit of the mortgagor, and since it contains no limitations upon his power to waive it, he may waive the same. The preliminary steps prior to the sale of property on execution are required to be performed in strict accordance with the re- quirements of the statute, but they may be waived by either party as far as they effect his personal interest. Herman on Estoppel, par. 834. There was no express waiver of appraisement by plain- tiff in the case at bar, nor do we undertake to say that the mort- gagor's mere knowledge of the sale and his presence thereat with- out objecting to the irregularity complained of by him would be sufficient to estop him from complaining of that irregularity; but he did more in this case. Under the terms of the deed of trust, the property was in his possession as agent of the creditors. He not only had knowledge of the sale and was present, but he par- ticipated therein by showing and exhibiting the property to be sold, made representations as to the quality of the property, and made delivery thereof to the purchaser. He stood by and permitted the purchase price to be paid to the trustee to be applied on his indebtedness, with full knowledge of all the .proceedings, without any objection whatever; nor did he make any objection thereto until nine months after the sale was consummated. Such con- duct on his part must be taken as a consent to the sale; and, in

the absence of fraud, plaintiff must be held to have waived appraisement.

After the demurrer to the answer was sustained, no further pleading was filed by defendant; but, when the case was heard by the master in chancery, evidence was permitted to be introduced by defendant to sustain the averments of his answer as if the same had not been struck out, and the master found the issues of fact formed by the answer favorable to defendant, and plaintiff now insists that, if the action of the court sustaining the demurrer to the answer was error, it is, because of the subsequent proceeding of the master, harmless error. But counsel for plaintiff in error state in their brief, and it has not been controverted, that the trial judge in sustaining the exceptions to the master's report and in the rendering of judgment eliminated from the record every portion of the evidence except that offered by plaintiff to sustain his bill. In the absence of this statement in the brief, and in the absence of anything in the record to the contrary, it would be presumed that, when the trial judge sustained the exceptions to the master's report and proceeded to try the case upon the record before him, he did so upon the issues formed by the pleadings. There was then no answer before him, and defendant was wrongfully deprived of the defense set up in his answer which had been stricken out by the demurrer.

For the errors indicated, the judgment is reversed, and the cause remanded.

All the Justices concur.