### HOOVER et al. v. BROOKSHIRE.

No. 1631.   Opinion Filed March 12, 1912.

(122 Pac. 171.)

1.   PLEADING—Judgment on Pleadings—Time of Motion. When a mortgagor brings suit against the mortgagee for conversion of the mortgaged property, admitting the original indebtedness, alleging that the value of the chattels converted exceeded that indebtedness, and praying judgment for the difference between the debt and the value of the chattels, and the mortgagee answers, denying the conversion, but admitting the sale of the chattels, pleading a credit on the indebtedness of the proceeds of the sale, and praying judgment for the balance remaining after making this credit, where no reply is filed, and a motion for judgment on the pleadings is filed by the defendant after all the evidence has been offered, it is not error to overrule the motion.

2.   CHATTEL MORTGAGES—Irregular Foreclosure—Action for Damages. If a chattel mortgage is irregularly foreclosed and the property sold to another than the mortgagee, the mortgagor may treat the action as a conversion of the property by the mortgagee, and recover his damages therefor; the measure of his damages in such case being the excess in value of the property at the time of sale, over the mortgage debt.

(Syllabus by Ames, C.)

*Error from District Court, Craig County;*
*T. L. Brown, Judge.*

Action by J. Ed. Brookshire against C. M. Hoover and the Bank of Welch. From the judgment, defendants bring error. Affirmed.

*Chas. B. Rogers,* for plaintiffs in error.

*W. H. Kornegay,* for defendant in error.

Opinion by AMES, C. The first error urged is that the trial court erred in overruling the motion of the defendants for judgment on the pleadings.

In his petition, the plaintiff alleged that he was indebted to the defendant bank in the sum of $2,700, which was secured by a chattel mortgage covering a stock of goods, located in the town of Welch, and also by a real estate mortgage on certain lots in that town; that G. M. Hoover was an indorser on his notes, and that the defendants in 1906 took possession of the stock of goods, sold the same and converted the proceeds to their own use; that the stock of goods was worth $4,000, and, after applying his indebtedness to the bank as a credit, there was a balance due him of $1,300, for which he sued. The defendant bank answered, admitting that the plaintiff was indebted to it as alleged, but denying the conversion, and pleading that it took possession of the stock and sold it in connection with the plaintiff and the defendant Hoover for $2,000, leaving a balance due from plaintiff of $700. In a cross-petition it prayed for the foreclosure of the mortgage on the real estate, and for judgment against the plaintiff for the $700. The defendant Hoover answered, setting up facts showing that he was an accommodation indorser, and alleging, as was alleged by the bank, that the stock had been sold by the plaintiff and the defendants, acting conjointly, and that it brought its full value. No reply was filed by the plaintiff. Upon the creation of the state, the cause was removed to the district court of Craig county, and was tried to the court without a jury. After the evidence had all been introduced, the defendants filed their motion for judgment on the pleadings, which was overruled, and it is this ruling which is assigned as error.

It is obvious from this brief statement of the pleadings that the plaintiff admitted his indebtedness to the bank, but, in substance, claimed that it had been paid by the appropriation of the stock of goods, leaving a balance due the plaintiff, and that the defendant bank based its right to recover the balance which it alleged was due upon the fact that there had been no conversion of the stock by it, and therefore that there was a balance due it of $700, and that the petition and cross-petition grew out of the same transaction, and related to the same original debt.

If the claim of the plaintiff was true, it is manifest that the defendant was not entitled to judgment on its cross-petition, and under this state of facts, in connection with the fact that the evidence had all been offered before the motion was filed, we do not think it was error to overrule the motion for judgment on the pleadings.

The remaining assignment of error is that the court erred in overruling the motion for new trial, because the judgment rendered in favor of the defendants was too small, and because it was not supported by the evidence, and was contrary to law. There was evidence tending to show that, after the maturity of the debt, the plaintiff was unable to pay it, and possession was delivered to the defendants under the mortgage, and the evidence of the defendants tended to show that they were requested to sell at private sale, and that the plaintiff concurred in their actions. On the other hand, the evidence of the plaintiff tended to show that he objected to the sale and demanded the foreclosure, as provided by the mortgage, which required public sale after 15-day notice. A jury having been waived, the court filed its findings of fact, showing the existence of the debt as alleged, that the defendants took possession of the stock after default, and "that on the 28th day of April, 1906, the defendants G. M. Hoover and Bank of Welch unlawfully and over the protest of the plaintiff removed the stock of drugs and fixtures mortgaged to the Bank of Welch from the Indian Territory and disposed of them to one George F. Woodland, of Parsons, Kan., and said stock of goods was out of the jurisdiction of the court at the time of filing the suit and at the time of the hearing of the evidence and at the time of trial, and could not be returned to the plaintiff." The court further found that the value of the stock was $2,900, which was more than sufficient to pay the indebtedness, and then by an accounting gave the plaintiff credit for the excess, and charged the plaintiff with the payments which the defendants had made for his benefit on the real estate subject to the mortgage, showing a balance due by the plaintiff in the sum of $45.65, for which judgment was rendered..

The whole case turns upon the sale of the stock by the defendants, and, as they were mortgagees in possession, they are chargeable to the plaintiff with the reasonable value of the stock, unless the sale was made by his consent, or in accordance with the terms of the mortgage. It is not claimed that the sale was made in accordance with the terms of the mortgage, but that the plaintiff consented to the 'sale in the manner and form in which it was made. Upon this question of fact the evidence was contradictory, and the court has found that the sale was over the protest of the plaintiff. There being evidence reasonably tending to support this finding, it will not be disturbed here. In *Harrill v. Weer,* 26 Okla. 313, 109 Pac. 539, which also arose in the Indian Territory, Mr. Justice Hayes, in delivering the opinion of the court, says:

"There is a line of authorities which hold upon good reason, we think, that, if a chattel mortgage is irregularly foreclosed and the property sold to other than the mortgagee, the mortgagor may treat the action as a conversion of the property by the mortgagee and recover his damages therefor; the measure of his damages in such case being the excess value of the property at the time of the sale over the amount of the mortgaged debt. *Burton v. Randall,* 4 Kan. App. 593, 46 Pac. 326; *Wygal v. Biglow,* 42 Kan. 477, 22 Pac. 612, 16 Am. St. Rep. 495; *Berg v. Olson,* 88 Minn. 392, 93 N. W. 309; *Bryan v. Baldwin,* 52 N. Y. 232; 2 Cobbey on Chat. Mortgages, par. 1026."

Again, in the same opinion, it is said:

"In selling trust property under the provision of a deed of trust, the terms of the deed of trust must be substantially followed; and failure to give a notice stipulated for renders the sale subject to be set aside."

And in support of this the court cites *Whitehead v. Coyle,* 1 Ind. App. 450, 27 N. E. 716; *Silva v. Lopez,* 5 Haw. 262; Jones on Chat. Mortgages, sec. 795. The facts in the case at bar having been determined against the defendants by the trial court, the plaintiff had a right to maintain his action for conversion, and to recover the difference between the amount of his debt and the reasonable value of the property at the time of the conversion. As the court applied these principles to the

case, we do not think error was committed, and the judgment should be affirmed.

By the Court: It is so ordered.