ADVANCE THRESHER CO. v. DOAK *et al.*

No. 2488.   Opinion Filed January 7, 1913.

(129 Pac. 736.)

1. **LIMITATION OF ACTIONS—Defenses.** A proper defense, set-off, or counterclaim is not barred by the statute of limitations until the claim of the plaintiff is so barred.   Comp. Laws 1909, sec. 5635.

2. **CHATTEL MORTGAGES—Possession After Condition Broken— Sale—Conversion.** When a mortgagee, after default in some condition of the mortgage, takes possession of the mortgaged chattels, or sells them to another party, authorizing him to take possession of them, and he does so, and when this is done without any proper foreclosure of the mortgage, and when the chattels are detained from the mortgagors, the mortgagee is guilty of a conversion.

3. **APPEAL AND ERROR—Right to Allege Error—Verdict.** A plaintiff who recovers the full amount sued for cannot complain because he might have recovered more if he had sued upon a different theory.

(Syllabus by Ames, C.)

*Error from District Court, Jackson County;*
*J. T. Johnson, Judge.*

Action by the Advance Thresher Company against D. B. Doak and others.   Judgment for defendants, and plaintiff brings error.   Affirmed.

*John Rogers* and *H. M. Thacker,* for plaintiff in error.

*E. E. Gore* and *P. K. Morrill,* for defendants in error.

Opinion by AMES, C.   The plaintiff sued the defendants upon certain promissory notes for a balance of $1,772.89, alleging that this balance remained due after it had. foreclosed a chattel mortgage upon certain threshing machinery which it had sold to the defendants.   The answers admitted the purchase of the threshing machinery and the execution of the notes and chattel mortgage, but alleged that, at the time the notes were executed, there was an express agreement between the plaintiff and the defendants that they should not become valid or binding until they had been executed by two other persons, and that these

other persons never executed them.  For further defense the defendants alleged that they had purchased the threshing machinery for the sum of $2,950; that they paid $600 on the notes; that after the maturity of the notes the plaintiff, without the consent of the defendants, took possession of the mortgaged property and sold it to two men who had originally been interested with the defendants in the purchase, and that these men at that time paid the plaintiff $500 in cash, and assumed the remainder of the indebtedness; that this was done without a legal foreclosure and amounted to a conversion; and that at that time the property was worth the balance due.  The reply, in addition to a general denial, pleaded the statute of limitations against the alleged set-off or counterclaim because the same had not accrued within three years next before the filing of the answers.  The evidence tended to support the allegations of the pleadings, and upon this evidence the court submitted the cause to the jury, which returned a verdict for the defendants.

It is first argued that a promissory note cannot be delivered conditionally, so as to make the subsequent signatures of another person essential to its validity, but as the court expressly so instructed the jury and directed it to return a verdict, unless the other defense was sustained, this point cannot avail the plaintiff.

It is next argued that the statute of limitations has barred the claim for damages on account of the conversion, but we cannot agree with this contention.  The effect of the argument is that the plaintiff could sell the threshing machinery to the defendants, taking their notes, secured by chattel mortgage, for the purchase price; that upon the maturity and nonpayment of the notes the plaintiff could then convert the property to its own use; that it could then wait until the statute of limitations had run against the conversion, and, if the statute had not then run upon the notes, could recover the full balance due upon them. This position cannot be maintained.  Comp. Laws 1909, secs. 5634, 5635; *Stauffer v. Campbell,* 30 Okla. 76, 118 Pac. 391.

It is next argued that the defendants cannot maintain conversion, because the conditions of the mortgage were broken, and

because there was no sufficient possession of the property taken by the plaintiff, but it is settled that "a mortgagee of personal property, who takes possession under an invalid sale, is a mortgagee in possession; and, if he disposes of the property without complying with the requirements of law or the terms of the mortgage, he is guilty of a conversion." *Continental Gin Co. v. De Bord,* 34 Okla. 66, 123 Pac. 159; *Hoover v. Brookshire,* 32 Okla. 298, 122 Pac. 171; *Harrill v. Weer,* 26 Okla. 313, 109 Pac. 539. It is also settled that:

"While it is generally true that one, in order to be guilty of a conversion of personal property, must be in possession of it, yet, if he exercises acts of dominion over the property and participates in the wrongful act of him who is in actual possession by aiding and abetting in the wrongful disposition and sharing in the proceeds thereof he would then be guilty of a conversion." (*Continental Gin Co. v. De Bord, supra,* and the cases therein reviewed.)

Objection is also made to the amount of the verdict, it being claimed that the plaintiff was charged with both the money paid at the time it resold the machinery, and the value of the machinery, and that thereby the defendants were allowed credit twice for the same item. The verdict, however, was found for the plaintiff in the full amount for which it sued and for the defendants for the value of the machinery, and, as the defendants were not given more than the value of the machinery, the plaintiff cannot complain, because it was not given more than it sued for.

Other minor errors are assigned which need not receive consideration.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.