## WILSON v. EULBERG.

No. 4961.   Opinion Filed September 21, 1915.

(151 Pac. 1067.)

1.   **PLEADING—Objection—Introduction of Evidence.** Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law.

2.   **APPEAL AND ERROR—Presentation—Denial of New Trial.** Where the plaintiff in error fails to assign as error the overruling of his motion for a new trial, the Supreme Court has no power to review errors alleged to have occurred during the progress of the trial.

(Syllabus by Watts, C.)

*Error from County Court, Grant County;*
*J. W. Bird, Judge.*

Action by William Eulberg against R. B. Wilson. Judgment for plaintiff, and defendant brings error. Affirmed.

*F. G. Walling,* for plaintiff in error.

*Sam P. Ridings* and *J. B. Drennan,* for defendant in error.

Opinion by WATTS, C. Judgment was rendered in the county court of Grant county, in favor of defendant in error and against plaintiff in error; from which judgment the latter appeals, and assigns error: "(1) In admitting evidence on the part of the defendant in error" over the objection of the plaintiff in error. This assignment goes to the sufficiency of the petition, which, omitting the caption, is as follows:

"Comes now the plaintiff above named, and, by leave of the court being first obtained, files his amended bill of particulars in said cause, and for cause of action against said defendant, R. B. Wilson, alleges and says that during the months of July and August, 1912, said plaintiff with his threshing outfit, consisting of an engine, separator, and other appliances, performed work and labor by threshing the wheat on the E. ½ of section 6, township 27, range 5, and the N. E. ¼ of section 7, township 27, range 5 in Grant county, Okla., and that the above-described land was owned by this defendant and had been leased and sown to wheat by John Merritt, each having a one-half interest in the same in accordance to a certain lease, which is hereto attached and marked 'Exhibit A' and made a part of this amended bill of particulars as full and complete as though the same was herein incorporated, whereby it is provided in said lease that R. B. Wilson was to pay for threshing his one-half of the wheat and oats at stack-threshing prices; that at the time of threshing the wheat, most of it being in the shock, was threshed at the customary and ordinary price of 11 cents per bushel; that the defendant, in accordance with his contract with Merritt, was to pay one-half of this bill at stack-threshing prices; that the ordinary and reasonable price of stock threshing was, at that time, 7 cents per bushel, making the defendant liable for the threshing of the wheat at 3½ cents per bushel.

"Plaintiff alleges that all the time he was threshing said wheat the defendant knew of said threshing and accepted the benefits of the same. Plaintiff alleges that after he had threshed a good part of the wheat in shock he went to the defendant for a settlement, and that the defendant then and there informed him that he would not pay for any threshing until all of the threshing was done; that thereafter, and during the month of August, 1912, he threshed for said defendant and Merritt, and that the threshing done at that time was $5 per hour; that the same was just and reasonable and ordinary. Plaintiff alleges that said defendant was to pay one-half of that amount, and that during the month of July he threshed 2,100 bushels of wheat from the shock for the defendant and Merritt, and that the defendant, in accordance with his lease, hereto attached and made a part hereof, was bound and liable to pay one-half of the threshing bill at stack-threshing prices, which was $3\frac{1}{2}$ cents per bushel, or 7 cents on one-half of 2,100 bushels, all of which the defendant agreed to pay when all of the threshing was done, which would make the defendant liable for $73.50 for threshing the shocked grain, and thereafter as above stated, during the month of August, 1912, plaintiff threshed 11 hours and 25 minutes for the defendant and Merritt, and that the defendant, in accordance with his lease hereto attached, and in accordance with his agreement with this plaintiff, was bound and liable for one-half of the threshing bill during the month of August, which would be $28.50, being one-half of the amount at $5 per hour, making the total due this plaintiff $102, all of which the defendant is bound and liable in accordance with his lease hereto attached and by his agreement with this plaintiff to pay said amount. Plaintiff states that the said Merritt has paid for his one-half of the threshing of the wheat above set out, and that there is now due from this defendant to this plaintiff the sum of $102 for his one-half of the threshing; that demand for same has been made and payment refused.

Wherefore the plaintiff asks judgment in the sum of $102 and for the costs of this action."

This petition is in very poor form and subject to much criticism, having been drawn, no doubt, in a hurry and without reference to the law books; but we must hold it good against the objection contended for by counsel.

The established rule in this state appears to be:

"Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law." *(Sulsberger & Sons Co. v. Castleberry,* 40 Okla. 613, 139 Pac. 837; *Abbott et al. v. Dingus,* 44 Okla. 567, 145 Pac. 365.)

Plaintiff in error does not assign the overruling of the motion for a new trial as error, and as the other five assignments go to the admission of evidence during the progress of the trial and the instruction of the court, we cannot look to the record to ascertain the correctness thereof.

"Where the plaintiff in error fails to assign as error the overruling of the motion for new trial in the petition in error, no question is properly presented in the Supreme Court to review errors alleged to have occurred during the progress of the trial in the court below." *(O'Neil v. James,* 40 Okla. 661, 140 Pac. 141.)

As the time has expired for filing an amended petition in error, and for the reason stated, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.