## NATIONAL BANK OF COMMERCE OF PORUM v. JACKSON.

No. 9264—Opinion Filed Jan. 22, 1918.

(170 Pac. 474.)

**1. Appeal and Error—Reversible Error—Admission of Evidence—Variance.**

Unless there is a total failure to allege some matter essential to the relief sought, the overruling of an objection to the introduction of evidence does not constitute reversible error, even though the allegations of the petition are incomplete, indefinite or conclusions of law.

**2. Chattel Mortgages—Irregular Foreclosure—Conversion—Damages.**

If a chattel mortgage is irregularly foreclosed and the property sold to another than the mortgagee, the mortgagor may treat the action as a conversion of the property by the mortgagee, and recover his damages therefor. The measure of his damages in such case being the excess of the actual value of the property at the time of sale over the mortgage debt.

**3. Same—Foreclosure Sale—Irregularity.**

Where a chattel mortgage provides that the chattels may be sold at public or private sale, with or without notice at any convenient place within the county, where the chattels are situated, a sale by the mortgagee of such chattels outside of said county constitutes an irregular foreclosure of such chattel mortgage.

**4. Bills and Notes — Payment — Indorsement.**

Indorsements of payments upon a promissory note are presumed to have been made by the holder of the note or with his consent.

(Syllabus by Rummons, C.)

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by W. H. Jackson against the National Bank of Commerce of Porum, Okla. Judgment for plaintiff, and defendant brings error. Affirmed.

Crump, Bailey & Crump, for plaintiff in error.

D. E. Herschelman, White & Disney, and Neff & Neff, for defendant in error.

Opinion by RUMMONS, C. The defendant in error, hereinafter styled plaintiff, commenced this action in the district court of Muskogee county against the plaintiff in error, hereinafter styled the defendant, setting up in his petition in a single count a cause of action in trover for the conversion of two teams of mules, and also a cause of action for the taking of and contracting for usurious interest. The defendant answered, denying generally the allegations of the petition, and pleading a judgment of the superior court of Muskogee county in an action wherein the defendant was plaintiff and the plaintiff was defendant as res adjudicata. It appears from the record that the defendant, in an action in the superior court of Muskogee county against the plaintiff in replevin, recovered judgment for the possession of the two teams of mules in controversy by virtue of a chattel mortgage given to secure the notes upon which plaintiff in the instant case alleged that usurious interest had been reserved and contracted, and that the plaintiff in that case in the superior court pleaded the usurious character of the transaction as a defense to the defendant's action of replevin. This cause was tried to a jury, and was treated by the court as an action for the conversion of the mules because of an unlawful and irregular foreclosure of the chattel mortgage under which the defendant claimed to be entitled to the possession of said mules. The plaintiff had judgment, and the defendant prosecutes this proceeding in error to reverse such judgment.

The first assignment of error argued in the brief of counsel for defendant complains that the court erred in overruling the objection of defendant to the introduction of any evidence by the plaintiff. Under this assignment the defendant argues at some length the insufficiency of the petition to support an action for the recovery of usury. We deem it unnecessary to set out in this opinion the petition of the plaintiff, but it is sufficient to say that the petition states facts constituting a cause of action in trover for the conversion of the two teams of mules. The defendant did not demur or otherwise object to the improper joinder of the two causes of action, but questions the petition's sufficiency solely by objection to the introduction of evidence. It is well established in this jurisdiction that objection to the introduction of evidence as a means of testing the sufficiency of a petition is not favored. Unless there is a total failure to allege some matter essential to the relief sought, even though the allegations are incomplete, indefinite, or conclusions of law, the action of the trial court in overruling an objection to the introduction of evidence will not be disturbed. Sulsberger & Sons Co. v. Castleberry, 40 Okla. 613, 139 Pac. 837; Abbott v. Dingus, 44 Okla. 567, 145 Pac. 365; Wilson v. Eulberg, 51 Okla. 316, 151 Pac. 1067; Sharpless Separator Co. v. Gray, 62 Okla. 73, 161 Pac. 1074. We therefore conclude that this assignment of error is without merit.

It is next urged by defendant that the court erred in overruling its demurrer to the evidence of the plaintiff and in overruling its motion for a peremptory instruction in its favor. The defendant under these assignments of error again argues the insufficiency of the evidence to establish a cause of action for the recovery of usury. The defendant took the two teams of mules from the plaintiff by virtue of its judgment in the replevin suit for the purpose of selling the same to satisfy its chattel mortgage upon them. It is alleged in the petition of plaintiff, and there is evidence tending to support the allegation, that the mules were sold by defendant outside of the county of Muskogee—where they were taken and where under the terms of the mortgage they were required to be sold—at the city of Ada, in the county of Pontotoc. It is the contention of the plaintiff that this sale of the mules under the mortgage outside the county of Muskogee was irregular and unlawful, and that a mortgagee who acquires lawful possession of mortgaged chattels, but makes an unlawful sale thereof, is liable for a conversion of the mortgaged property. The trial court submitted this issue to the jury, and their verdict was against the defendant.

It is well settled that an unlawful or irregular sale by a mortgagee in possession of chattels covered by his mortgage consti-

tutes a conversion of such chattels, and the mortgagee is liable to the owner of such chattels for the actual value thereof in excess of the amount due the mortgagee. Hoover v. Brookshire, 32 Okla. 298, 122 Pac. 171; Continental Gin Co. v. De Bord, 34 Okla. 66, 123 Pac. 159; Advance Thresher Co. v. Doak, 36 Okla. 532, 129 Pac. 736.

It is complained, however, by defendant that the trial court, in instructing the jury as to the measure of plaintiff's damages, if they found the defendant had converted the chattels, directed them to deduct from the debt of plaintiff all usury they might find had been reserved and contracted. However, the defendant did not except to the giving of this instruction, nor, so far as we are advised, offer any evidence of the amount due it upon its note and mortgage. Nor does defendant complain that the recovery was excessive. This instruction, therefore, is not before us for review.

The burden was upon the defendant, in meeting the action of plaintiff for the conversion of the mules because of an unlawful sale thereof, to show the amount due it upon its note and mortgage. The defendant having failed to show that there was due it a sum equal to or in excess of the value the mules were shown to have, and there being evidence tending to show that the mules were irregularly sold out of the county of Muskogee, the trial court committed no error in overruling the demurrer to the evidence and refusing the peremptory instruction for the defendant.

It is finally contended by defendant that the court erred in refusing to give, at its request, the following instruction:

"You are instructed that the purported credits appearing on the back of each of the notes that have been introduced in evidence are not evidence within themselves that payments which they purport to credit have been made, and you will therefore not consider such purported credits unless there has been other proof tending to show that such payments were made."

We think this assignment of error presents no merit. The plaintiff testified that the notes offered in evidence were in the same condition that they were when he received them from the bank. The presumption is that indorsements of payment upon a note have been made by the holder or with his consent. 2 Ency. Ev. 506; 8 C. J. 1015; Pears v. Wilson, 23 Kan. 343. It is true that such indorsements are not conclusive evidence of payments, but they constitute prima facie evidence of such payments, and

the requested instruction therefore did not correctly state the law.

Finding no reversible error in the record, the judgment of the court below should be affirmed.

By the Court: It is so ordered.