## WIRE v. SLOCUM et al.

No. 9992—Opinion Filed Jan. 4, 1921.

(Syllabus by the Court.)

**1. Crops—Reserving Growing Crops in Conveyance—Parol Evidence.**

Where crops are growing upon land when sold and no reservation is made of such

growing crops in the conveyance of said land, it may be shown by parol that said growing crops were reserved.

## 2. Conversion—Petition—Sufficiency.

A general demurrer to a petition in an action for conversion which avers facts showing that the plaintiff has a general or a special property in the chattels alleged to have been converted, the right of possession thereof at the time of conversion, and that the defendant has converted same to his own use, is properly overruled.

Error from District Court, Grant County; W. M. Bowles, Judge.

Action by Minnie Slocum and others against C. S. Wire for the conversion of wheat. Judgment for plaintiffs, and defendant brings error. Affirmed.

Samuel P. Ridings and W. H. C. Taylor, for plaintiff in error.

J. B. Drennan, for defendants in error.

COLLIER, J. This is an action for damages, instituted by the defendants in error, hereinafter called plaintiffs, against the plaintiff in error, hereinafter called defendant for the wrongful conversion of wheat.

The defendant demurred to the petition, which demurrer was overruled and defendant excepted.

The evidence is undisputed that the plaintiffs had sold to the defendant the land upon which the wheat alleged to have been converted was grown, and executed a deed to defendant in which no part of the crop growing upon said land at the time of the sale was reserved; that the said defendant appropriated to his own use the said 600 bushels of wheat, which was the agreed rent to be paid for said land under a lease made prior to the sale by Nervesta Collins to N. B. Fouch; that the said Nervesta Collins died shortly after making the lease; and that the verdict rendered did not exceed in amount the value of the wheat converted. That the estate of Nervesta Collins, deceased, has been fully administered, final settlement thereof made, and the plaintiffs decreed to be the sole heirs of said estate, and that said Nervesta Collins at the time of making the lease of the land to N. B. Fouch was in possession of the land leased.

The evidence as to whether, upon making the sale of the land upon which said wheat in controversy was grown, the plaintiffs, by parol, reserved the crop growing upon said land is very voluminous and in irreconcilable conflict, and we deem it unnecessary to recite same; it being sufficient to say it was shown by evidence of the plaintiffs that said crop was, at the time of the sale, reserved, and by the evidence of the defendant that the said crop was not reserved.

The jury returned a verdict in favor of the plaintiffs in the sum of $1,356.65, to which the defendant excepted.

The defendant timely moved for a new trial, which the court overruled, and the defendant excepted, gave notice in open court of his intention to appeal to the Supreme Court, and perfected this appeal.

It is first contended by the defendant that the petition is not sufficient and that the court erred in overruling the demurrer interposed to it, and this contention we think not sound, for the reason that said petition avers facts showing "that the plaintiffs have a property in the chattels alleged to have been converted, the right of possession thereof at the time of conversion, and that the defendant has converted same to his own use;" alleges every fact necessary, under the liberal rules of pleading in this jurisdiction, to constitute a good petition for the recovery of damages for conversion.

In McCracken v. Cline, 55 Okla. 37, 154 Pac. 1174, it is said:

"The petition in an action for the conversion of personal property must allege facts showing: First, that the plaintiff has a general or special property in the chattels alleged to have been converted; second, the right of possession thereof at the time of the conversion; and third, that the defendant has converted the same to his own use."

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." Aylesbury Merc. Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089, 23 L. R. A. (N. S.) 273; Bilby v. Jones, 39 Okla. 613, 136 Pac. 414; Dodd-Lear, etc., Co. v. Gyr, 44 Okla. 630, 146 Pac. 16.

The court did not err in overruling the demurrer to the petition.

It is also contended by the defendant that the court committed reversible error in permitting one of the plaintiffs to testify that he and his sisters, prior to the sale to the defendant, owned the lands upon which the crop was grown. It is sufficient answer to this contention to say that the defendant put in evidence in this case the warranty deed executed by the plaintiffs to him to said lands, hence, if it was error, which we do not hold, to permit said defendant to testify as to the ownership of said land, such evidence was error without injury.

It is further contended by the defendant that there was no evidence to prove title in plaintiffs to the wheat, and this contention we think not well taken, for the reason that the evidence conclusively shows that the wheat was rent agreed to be paid Norvesta Collins, deceased, whose estate had been ad-

ministered, fully settled, and the plaintiffs decreed to be the sole heirs of her estate.

It is also most earnestly insisted that, the said growing crop not having been reserved in the deed executed by plaintiffs to defendant, the reservation of the crop cannot be proved by parol, and that the court committed reversible error in permitting the same to be done. This is not an open question in this jurisdiction, the same having been repeatedly held adversely to said contention of the defendant.

In Myers v. Hubbard et al., opinion filed Dec. 14, 1920, and not yet officially reported, it is held:

"Growing crops are personal property, but pass by conveyance as appurtenant to the land unless severed by reservation or exception. A party may show by parol that the growing crops were reserved on a sale of land, although there may be no exception in the deed." Grabow v. McCracken, 23 Okla. 612, 102 Pac. 84; Dannifer v. Aurand (Kan.) 189 Pac. 371.

It is true that the evidence in this case as to whether or not said growing crop was reserved by parol is in irreconcilable conflict, yet there is sufficient evidence to fully support the verdict of the jury; therefore, the court did not err in overruling the demurrer to the evidence.

"Unless the evidence and all of the inferences which a jury could justifiably draw therefrom, are insufficient to support a verdict for the plaintiff, it is not error for the trial court to overrule a demurrer to the evidence." Baker-Hanna-Blake Co. v. Paynter-McVicker Gro. Co., 73 Oklahoma, 174 Pac. 265; Strickler v. Gitchel, 14 Okla. 523.

While the jury did not make a specific finding that the plaintiffs reserved the wheat crop for themselves, a general finding in favor of the plaintiffs is tantamount to a finding that the reservation of the wheat crop was made, and there being evidence to support the verdict, though the evidence is in direct conflict, this court will not disturb the verdict—a holding so often announced by this court as to render the citation of authorities in support thereof unnecessary. Chicago, R. I. & P. R. Co. v. Logan, Snow & Co., 23 Okla. 707; 105 Pac. 343; Oland et al. v. Malson et al., 39 Okla. 456, 135 Pac. 1053.

The court did not err in overruling the motion for a new trial.

The judgment of the trial court is affirmed.

All the Justices concur, except RAINEY, C. J., and BAILEY and PITCHFORD, JJ., absent.