### OKLAHOMA STATE BANK OF ENID v. BUCKNER, Trustee.

No. 11146—Opinion Filed June 26, 1923.

(Syllabus.)

1. Conversion—Petition—Sufficiency.

A general demurrer to a petition in an action for conversion, which avers facts

showing that the plaintiff has a general or special property in the chattels alleged to have been converted, the right of possession thereof at the time of the conversion, and that the defendant has converted the same to his own use, is properly overruled.

**2. Bankruptcy— Chattel Mortgages — Mortgagee in Possession—Priority over Rights of Trustee in Bankruptcy.**

Where a mortgagee who holds a chattel mortgage on its debtor's property, good as between the parties, but void as to other creditors, because not filed as required by law, takes possession of the mortgaged property after condition broken, as security for the debt, with the consent of the mortgagor, and prior to the filing of a petition in bankruptcy against the mortgagor, held, the right of the mortgagee to the possession of the property is superior to that of the trustee in bankruptcy.

**3. Chattel Mortgages — Irregular Foreclosure—Action for Damages.**

If the mortgagee in a chattel mortgage takes possession of the chattels after condition broken, and with the consent of the mortgagor, but unlawfully disposes of such property, the mortgagor may treat such action as a conversion of the property by the mortgagee and recover his damages; the measure of his damages in such case being the excess in value of the property at the time of the conversion, over the* mortgaged debt.

**4. Bankruptcy—Interests of Estate—Right of Action by Trustee.**

A trustee in bankruptcy has a right under the bankrupt law to sue for and recover any interest in the bankrupt's estate as it existed at the time of filing the petition in bankruptcy.

**5. Chattel Mortgages—Action Against Mortgagee for Conversion—Right to Recover.**

In an action for unlawful conversion of mortgaged chattels by the mortgagee, if it appears from the uncontradicted evidence that the value of said chattels is less than the mortgage lien, it is error to render judgment for the plaintiff.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by George W. Buckner, as trustee of the General Wayne Cigar Company, a bankrupt, against the Oklahoma State Bank of Enid, a corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Dyer & Keim, for plaintiff in error.

McKeever & Moore and W. J. Otjen, for defendant in error.

MASON, J. This is an action for damages instituted by the defendant in error, hereinafter called the plaintiff, against the plaintiff in error, hereinafter called the defendant, for the wrongful conversion of certain property of the General Wayne Cigar Company, a bankrupt.

The material allegations of the petition are as follows:

That, on the 31st day of March, 1917, an involuntary petition in bankruptcy was filed in the District Court of the United States for the Western District of Oklahoma, against the said General Wayne Cigar Company, a corporation; that thereafter said General Wayne Cigar Company was adjudged to be a bankrupt; that the plaintiff herein was regularly appointed as trustee of the estate of said bankrupt, and was by the referee in bankruptcy directed and ordered to institute this action; that claims have been presented and allowed against the bankrupt and there are no funds of said estate in the hands of the trustee to pay same; that, on the 7th day of October, 1916, the General Wayne Cigar Company, at that time being insolvent, which insolvency was fully known to the defendant herein, with the intent and design to cheat, defraud, hinder, and delay the creditors of said bankrupt, executed and delivered to the defendant, the Oklahoma State Bank of Enid, its promissory note for $1,050, due on demand; and to secure the payment of said note, a chattel mortgage was executed and delivered on the 10th day of October, 1916, upon the stock and fixtures of the bankrupt of a value of $4,500; that said chattel mortgage provided that the mortgagor should remain in possession of the mortgaged property and sell the same in due course of trade without accounting to the mortgagee for said sale, and said mortgagor did remain in possession of the mortgaged property and sell the same in the usual course of business without accounting therefor until the defendant took and converted said property; that in furtherance of said design and intent to cheat, defraud, hinder, and delay the creditors of said bankrupt, the defendant concealed and withheld from filing said pretended chattel mortgage until the 3d day of February, 1917; that thereafter, in pursuance of said intent and design to cheat, defraud, hinder, and delay, the defendant did, between the time of the filing of said chattel mortgage and the filing of the bankruptcy petition, on the 31st day of March, 1917, appropriate and convert all the property of the bankrupt to its own use, and without the knowledge or consent of the creditors of said bankrupt; that, at the time of the conversion of said

property, same was reasonably of the value of $4,500.·

Plaintiff further alleges that, on behalf of the creditors of said bankrupt, he has demanded of the defendant a return of said property, or the value thereof, and said defendant fails and refuses to return the same or its value. The plaintiff prays judgment in the sum of $4,500 with interest and costs.

The defendant demurred to the plaintiff's petition, which was overruled by the court, to which the defendant excepted, and thereafter filed a general denial.

The case was tried to the court without the intervention of a jury, and, at the close of the evidence in the case, the court made special findings of fact and conclusions of law and rendered judgment for the plaintiff, to which the defendant excepted.

The defendant in proper time moved for a new trial, which the court overruled, and the defendant excepted and perfected this appeal.

Counsel for plaintiff in error contend in their brief that the plaintiff tried this case in the lower court under a double theory; First, that the plaintiff was attempting to avoid a preference; second, that the plaintiff was attempting to recover damages for the wrongful conversion of the property of the bankrupt.

A large portion of the brief of the plaintiff in error is devoted to the first theory, but the defendant in error, in his brief, denies that the case was tried under that theory, and claims that the case was tried under the second theory alone, and for that reason we will confine our discussion thereto.

It is first contended by the defendant that the petition is not sufficient, and that the court erred in overruling the demurrer interposed to it, but we think this contention not sound, for the reason that said petition avers facts showing "that the plaintiff has a general or special property in the chattels alleged to have been converted, the right of possession thereof at the time of conversion, and that the defendant has converted the same to its own use," which are all the necessary allegations to constitute a good petition for the recovery of damages for conversion. Wire v. Slocum et al., 80 Okla. 111, 194 Pac. 1061.

In McCracken v. Cline, 55 Okla. 37, 154 Pac. 1174, it is said:

"The petition in an action for the conversion of personal property must allege facts showing: First, that the plaintiff has a general or special property in the chattels alleged to have been converted; second, the right of possession thereof at the time of the conversion; and third, that the defendant has converted the same to his own use.

" 'Conversion is any distinct act of dominion wrongfully extended over another's personal property in denial of or inconsistent with his rights therein.' Aylesbury Mercantile Co. v. Fitch, 22 Okla. 475, 99 Pac. 1080, 23 L. R. A. (N. S.) 273; Bilby v. Jones, 39 Okla. 613, 136 Pac. 414: Dodd-Lear, etc., Co. v. Gyr, 44 Okla. 630, 146 Pac. 16.'"

The court did not err in overruling the demurrer to the petition.

The defendant further contends that its demurrer to the evidence should have been sustained, because the mortgage of the defendant was executed more than four months prior to the filing of petition in bankruptcy, and the property was taken, sold, and disposed of by the defendant before the petition in bankruptcy was filed. In support of this contention, counsel cite Collier on Bankruptcy (11th Ed.) p. 1044, and many cases which hold that:

"A mortgage executed and delivered by a debtor more than four months prior to bankruptcy and recorded within four months is good against the mortgagor's trustee."

The plaintiff contends, however, that said mortgage was void, for the reason that the mortgagor was permitted to remain in possession and dispose of the mortgaged chattels in the usual or ordinary course of business, and the mortgage was not filed or recorded for several months after it was delivered, and just a few days prior to the time the defendant bank took possession of said property under the mortgage. Under the well-established rule of this court, the mortgage was valid as between the bankrupt and the defendant bank.

In the case of Fiegel v. First Nat. Bank, 90 Okla. 26, 214 Pac. 181, this court in the second paragraph of the syllabus said:

"A chattel mortgage executed in good faith for a valuable consideration, which has not been filed as required by section 4031, Rev. Laws 1910, is valid between the parties. * * *"

In the body of the opinion, the court cites the case of Gibson v. Linthicum et al., 50 Okla. 181, 150 Pac. 908, holding to the same effect.

The record also discloses that the mortgage was filed for record on the 3d day of February, 1917, and that thereafter on the 15th day of March, 1917, the defendant bank, without objection and with the consent of the mortgagor, took possession of said mort-

gaged property under the terms of the mortgage; and it further discloses that the petition in bankruptcy of the mortgagor was filed on the 31st day of March, 1917. The right of the trustee in bankruptcy to sue for and recover the bankrupt's interest in said property accrued from the date of the filing of the petition in bankruptcy. Cornelius v. Frank L. Boling, Trustee of the Estate of Horace Humphreys, Bankrupt, 18 Okla. 469, 90 Pac. 874. The mortgage lien of the defendant was superior to the claim of the plaintiff.

In the case of Frick Company v. Oats et al., 20 Okla. 473, 94 Pac. 682, this court quotes from Cobbey on Chattel Mortgages, wherein the author, speaking of unfiled chattel mortgages (vol. 1, p. 498), says:

" 'If the mortgagee takes possession of the mortgaged property before any other right or lien attaches, his title under the mortgage is good against everybody, if it was previously valid between the parties'—and authorities cited. Again, in the same section we find: 'Where a creditor who holds a mortgage on his debtor's property, which is void as to the other creditors of the debtor because it was not filed, takes possession of the mortgaged property, with the consent of the debtor, as security for the debt, he may still, as against other creditors, hold the property as pledgee. * * * If a mortgagee takes possession of the mortgaged chattels before any other right or lien attaches, his title under the mortgage is good against everybody, if it was previously valid between the parties, although it be not acknowledged and recorded, or the record be ineffectual by reason of some irregularity. The subsequent delivery cures all such defects, and the mortgagee's right of possession is good against the world. * * *' citing numerous authorities."

The next question for our consideration is, Was the mortgage foreclosed by the bank and the property disposed of in compliance with the statutes, and in such a manner as not to make the bank liable to the mortgagor for conversion? The different methods of foreclosing a mortgage after condition broken are prescribed by section 7645, Comp. Stats. 1921. But the defendant did not comply with this section of the statutes, according to the evidence in this case, nor did it foreclose its mortgage in any manner, but took possession of said property and sold and disposed of the various portions of said property in several different transactions and applied the proceeds on the mortgagor's indebtedness. These facts constituted a conversion of the property, and the bank became liable to the mortgagor in damages in an amount equal to the value of the property at the time of the sale, less the amount due under the mortgage.

In Hoover et al. v. Brookshire, 32 Okla. 298, 122 Pac. 171, this court said:

"If a chattel mortgage is irregularly foreclosed and the property sold to another than the mortgagee, the mortgagor may treat the action as a conversion of the property by the mortgagee, and recover his damages therefor; the measure of his damages in such case being the excess in value of the property at the time of sale, over the mortgage debt." See, also, National Bank of Commerce v. Jackson, 69 Oklahoma, 170 Pac. 474; Cont. Gin Co. v. De Bord, 34 Okla. 67, 123 Pac. 159.

Upon the filing of the petition in bankruptcy therein, the trustee in bankruptcy, on behalf of the other creditors of the bankrupt, had only such claim against the mortgagee bank, defendant herein, as the bankrupt mortgagor had. But in fixing the amount of damages that the plaintiff herein was entitled to recover, the trial court held that the plaintiff was entitled to recover damages in an amount equal to the proceeds of the sale of said property by the mortgagee. In this, we think, the trial court erred. The plaintiff could recover damages only in an amount, if any, equal to the value of said property at the time of the conversion, less the mortgagor's indebtedness to the mortgagee at said time.

The uncontradicted evidence, however, is that the total amount of indebtedness which was due under the mortgage from the General Wayne Cigar Company to the defendant, without computing any interest, was $2,106,-88, which amount was greater than the value of said property at the time of conversion. Therefore, the trial court should have rendered judgment for the defendant.

For the reasons stated, the judgment of the trial court is reversed, and the case is remanded, with directions to render judgment in favor of the defendant.

JOHNSON, C. J., McNEILL, V. C. J., and NICHOLSON, COCHRAN, and HARRISON, JJ., concur.