### DICK v. HORN.

No. 11763—Opinion Filed Nov. 13, 1923.

Rehearing Denied Feb. 19, 1924.

**Landlord and Tenant—Written Lease—Parol Evidence—Reservation of Growing Crop.**

Where a lease is entered into several tracts of land and said lease begins in praesenti as to all of said tracts except one, and said lease specifies that as to such tract said lease begins in the future, it was not error to permit the introduction of parol evidence to show that the alfalfa crop growing on said tract at the date of the making of said lease was reserved from the operation thereof. Graham v. McCracken, 23 Okla. 612, 102 Pac. 84, 23 L. R. A. (N. S.) 1218, followed. Record examined, and held, verdict of the jury sustained by the evidence and that the instructions of the court properly stated the law.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Washita County; Thomas A. Edwards, Judge.

Action by R. Dick against Herman Horn. Judgment for defendant, and plaintiff brings error. Affirmed.

Billups & Tisinger, for plaintiff in error.

Ash, Jones & Beets, for defendant in error.

Opinion by LYONS, C. This controversy arises from the interpretation of the following contract:

"This agreement, made and entered into by and between Herman Horn, the party of the first part, and R. Dick, party of the second part:

tion of $650.00, leases to said second party the S. ½ of N. E. ¼ and N. ½ of S. E. 3-10-17, from date, and the S. ½ of S. E. 3-10-17 from Oct. 20, 1918, and all to expire January

"Party of the first part, for a considera-
1. 1919. Said second party to have all the crops and to have the pasture, but not to have use of dwelling. Said second party not to pasture alfalfa when too wet.

Said first party to have pasture for 6 horses and 4 cows.

"Witness our hands and seals this 26th day of July, 1918.

"Herman Horn,
"R. Dick."

It will be noted that the lease is operative from date as to all of the lands leased except the S. ½ of the S. E. ¼ of 3-10-17. This tract of land is excepted from the general term of the lease and the lease thereon to commence in the future, to wit, on October 20, 1918. The subject of controversy is a crop of alfalfa grown on the premises last above described which is referred to by the parties as "the south eighty." Horn claims that this alfalfa crop was growing on the south eighty at the time the lease was made; that Dick was fully advised of the circumstances and was further advised that this crop had been sold to a third party. The lease was drawn by a banker at the request of both parties, and he fully sustains Horn's contention.

It was the theory of the court below that this question should be submitted to the jury. The following statement of the court appears in the record in ruling on the admissibility of evidence to support this theory, an objection having been made that said evidence varied the terms of the written contract.

The Court:

"I think there are two theories by which it may be admissible, oral reservation may be made in the case of a growing crop and in the second, I think it is ambiguous as to the 1918 crops. The objection will be overruled."

The court submitted this theory to the jury and the jury found in favor of Horn. The verdict is clearly sustained by the evidence and is in accord with justice. The banker who wrote the lease occupied the position of a scrivener for both parties, and his statement discloses that it was the intent of both parties that the alfalfa crop on the south eighty, above described, was excepted from the terms of the lease. The fact that the lease was made to commence in the future as to this south eighty shows clearly that it does not stand on the same footing with the remaining tracts leased. We think, therefore, that the controversy is ruled by the following line of cases: Wire v. Slocum, 80 Okla. 111, 194 Pac. 1061, Myers v. Hubbard, 80 Okla. 97, 194 Pac. 433; Grabow v. McCracken, 23 Okla. 612, 102 Pac. 84, 23 L. R. A. (N. S.) 1218.

In that case, the court, speaking through Chief Justice Williams, after reviewing the authorities, makes this statement:

"The weight of authority and reason supports the rule, at least, that a mature crop of corn and wheat standing ungathered upon a tract of land may be specifically reserved by parol in the sale of the land, as part of the contract price or consideration of the deed."

In Youmans v. Caldwell, 4 Ohio St. 701, it is held that the reservation of the crop can be shown by parol evidence in the case of a lease. We quote the syllabus:

"Where a lease for years is made of land without any reservation in the lease itself of a growing crop, parol evidence may be introduced to show that the crop was growing on the land, at the time when the lease was made, and was treated and considered as personalty, and not intended to be conveyed by the lease. In the sale of real estate in fee or for years, the growing crops may be considered by the parties as personal property, and so separated in contemplation of law as not to pass by the deed or lease."

This contract must be construed as an entirety. It was plainly the intention of the parties that the crop on the south eighty should be harvested before October 20, 1918, the date on which Dick's lease became effective as to such tract. He had no lease thereon until said date, and parol evidence was admissible to show the fact that it was the intent of the parties that such crop should be harvested and out of the way before his lease became effective. There was clearly same reason for post-dating his lease as to this particular eighty acres, when it went into force and effect as to the date of the contract as to all of the remaining tracts. The reasonable explanation of this circumstance is the one given by the lessor, who is fully corroborated in this particular by the scrivener who drew the lease, acting on behalf of both of the parties.

The judgment of the court is in accordance with law and justice and must be affirmed.

By the Court: It is so ordered.