## DODD-LEAR HARDWOOD LUMBER CO. v. GYR.

No. 3699. Opinion Filed January 26, 1915.

(146 Pac. 16.)

1. **PLEADING—Petition—Nature of Suit—Determination.** The nature of a suit, in the first instance, is to be determined by the allegations of the petition, not from its caption.

2. **TROVER AND CONVERSION—"Conversion."** "Conversion" is any distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with, his rights therein.

3. **SAME—Right of Action—Assent by Owner.** It is a well-settled rule that, if the owner expressly or impliedly assents to, or ratifies, the taking, use, or disposition of his property, he cannot recover for a conversion thereof, and it is equally well settled that this is true notwithstanding defendant exceeded the power given him.

(Syllabus by Brewer, C.)

*Error frim District Court, Choctaw County;*

*W. T. Glenn, Judge.*

Action by Fred Gyr against the Dodd-Lear Hardwood Lumber Company, a corporation. Judgment for plaintiff, and defendant brings error. Reversed.

*J. L. Dickson* and *Calvin Jones,* for plaintiff in error.

*Stewart & McDonald* for defendant in error.

Opinion by BREWER, C. The defendant in error, Gyr, sued the plaintiff in error in the court below for the wrongful conversion of 70,000 feet of cottonwood lumber. In the petition, after alleging a special ownership in the lumber by reason of a chattel mortgage thereon, the conditions of which had been breached, the plaintiff alleged as the gravamen of his action the following:

"That on about the 15th day of November, 1910, the Dodd-Lear Hardwood Lumber Company, by and through its servants

and agents, entered upon said premises, and, without authority, took possession of said cottonwood lumber, and converted same to its own use and benefit; that the said lumber so converted is of the value of $700; that plaintiff has demanded of defendant the possession and return of said cottonwood lumber, but defendant has refused, and still refuses, to deliver the same to plaintiff, and has converted and disposed of the same to its own use, to plaintiff's damage in the sum of $700."

That this is a suit founded upon the alleged tort of the lumber company in wrongfully taking and converting the lumber there is no doubt.

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. " (Aylesbury, etc., Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089, 23 L. R. A. [N. S.] 573.)

It is said in volume 38, Cyc. 2005:

"Conversion is 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.' The legal wrong denominated 'conversion' is any unauthorized act of dominion or ownership exercised by one person over personal property belonging to another; and 'trover' is the technical name of the common-law action provided for the redress thereof."

In the same volume of Cyc., at page 2009, it is said:

"It is a well-settled rule that, if the owner expressly or impliedly assents to, or ratifies, the taking, use, or disposition of his property, he cannot recover for a conversion thereof, and it is equally well settled that this is true notwithstanding defendant exceeded the power given him."

At the trial of this case, the plaintiff below admitted that at the time he took the mortgage on the lumber he knew that a contract of sale had been entered into between his mortgagor and the defendant lumber company; that he knew that at least two car loads of the lumber had at that date already been shipped out by defendant, and payment made to the mortgagor or for his benefit. Plaintiff also admits that he knew the reason defendant

had not shipped out the rest of the lumber was because of the inability to procure cars for that purpose. He also admits that, after receiving his mortgage, he almost immediately went to the office of defendant, told defendant that he had taken the mortgage on the lumber and urged defendant to take up the rest of the lumber and ship it out as speedily as possible, offering to aid defendant in any way he could in the procurement of cars for that purpose. This evidence upon the part of the plaintiff below not only negatives the idea of the wrongful conversion of the lumber, but admits, in a way, the premise upon which the suit is founded. There can be no wrongful conversion of property through an act which is done at the instance of, or with the consent of, the owner of the property. Ruling Case L. vol. 5, p 108. See note 109 Am. St. Rep. 439.

Having brought his suit in this way for a tort, just what occurred between the plaintiff and the defendant, when plaintiff urged the defendant to ship out the lumber, does not appear; the facts not having been developed, of course, under the issues joined here. These facts might show the relation of debtor and creditor so far as we know, and it might be that under a proper action it could be shown that the plaintiff is entitled to something from the defendant; but that he is not, on the theory that defendant has wrongfully converted plaintiff's lumber, must be apparent. In the brief of defendant in error it is practically admitted that an unwise choice of proceeding had been made, where it is said:

"We are free to admit that with the present lights before us, if this case had to be brought over, we would not have designated the caption in our petition as we did, nor would we have followed the same footsteps we did throughout the case," etc.

If the trouble were confined to the caption, it would be easily surmounted through the application of the maxim that, "A rose by another name would smell as sweet," but here the averments of the petition are only such as are required to state a case of trover. The nature of a suit is determined from the

allegations of the petition, and not from what the pleader names the pleading; but here the name fits the allegations. In this connection it might be well to mention that, when a mortgagee of a chattel consents to its sale, he waives the mortgage lien. *Carr v. Brawley*, 34 Okla. 500, 125 Pac. 1131, 43 L. R. A. (N. S.) 302. And, while the facts, so far as developed here, may not bring this case within the rule of the Carr case, *supra*, yet, if they were fully developed, it might be otherwise, because the defendant in this suit does intimate, at least, that the proceeds of the lumber had been paid to other lien claimants. The doc-trine of the Carr case is that, if a mortgagee consents to the sale of a mortgaged chattel, he waives the lien of his mortgage, and that the proceeds of the sale may be reached by garnishment proceedings at the instance of a creditor.

Defendant was not permitted to explain nor go into the de-tails as to the disposition of the proceeds of this lumber, for the very good reason that such evidence was not competent under the issues being tried; namely, that of a wrongful and tortious conversion. If the defendant had taken the lumber, as claimed in the petition, wrongfully and without the consent of its own-er, and converted it to defendant's own use, it would then be an-swerable to the owner for the value of the property, and it would be quite immaterial what disposition defendant had made of it or its proceeds; but, as we have seen, there is no element of con-version under the proof in this case.

The demurrer to the evidence should have been sustained. This leads us to recommend that the cause be reversed.

By the Court: It is so ordered.