## PLATT v. WYATT.

No. 30552. March 9, 1943.

135 P. 2d 990.

Tom Wallace, of Sapulpa, for plaintiff in error.

Tom G. Wiley and Harry Seaton, both of Tulsa, for defendant in error.

PER CURIAM. Plaintiff, Mrs. F. S. Wyatt, sought to reform a series of notes and a chattel mortgage on hotel property alleging that 20 notes for $50 each should have been executed for the consideration whereas ten notes for $50 each were executed, and after reformation sought a foreclosure of the chattel mortgage.

Defendant, Mrs. Ollie M. Platt, answered that the notes were correctly made. In a separate paragraph as a cross-petition she sought damages for breach of contract of sale of good will of a hotel business which, together with the personal property, she alleged to be the consideration for the notes and mortgage.

Various amendments were filed, and the issues as to the petition remained substantially the same. After the amended petition was filed plaintiff filed a further amendment alleging payment of the intangible taxes due by the plaintiff. The defendant's answer finally asserted the following defenses: (1) The notes were in the correct amount; (2) the consideration of the notes was based on a procurement of a lease from one Cremin and that the plaintiff would not engage in the hotel business in Tulsa; (3) that plaintiff operated a hotel in defiance of her agreement to sell.

The cause was tried to a jury. Special interrogatories were submitted and a judgment rendered for the plaintiff for the sum of $850, the amount sued for, together with interest and attorney fees.

Defendant has appealed and in seven allegations of error, which are presented in two general propositions, alleges, first, as follows:

"The court erred in overruling the motions of the defendant to make more definite and certain and to strike the pleadings of the plaintiff, and in refusing defendant's motion for judgment in her favor at the close of testimony for the plaintiff and in admitting any evidence in the case."

It is asserted that the amended petition changed, substantially, the claim of the petition. We cannot agree with this contention. The only material allegation that was changed in the amended petition related to a bill of sale executed by the defendant when she purchased the property. The defendant refers to the paragraph amendment made with relation to the payment of intangible taxes and insists that the only evidence which could be introduced at the trial was under said amendment; that plaintiff in effect abandoned both her original petition and the first amended petition. With this contention we cannot agree. The paragraph amendment to the amended petition was in effect a supplemental amendment supplementing and enlarging the allegations of the first amended petition. See Stoner v. Weiss, 96 Okla. 285, 222 P. 547; Dodd-Lear Hardware Lumber Co. v. Gyr, 44 Okla. 630, 146 P. 16; Thacker v. Ross, 105 Okla. 99, 231 P. 1060; Ganas v. Tselos, 157 Okla. 107, 11 P. 2d 751. Neither do we think that the fact that plaintiff changed the allegation in the original petition so that she relied upon the execution of the bill of sale in question materially change the claim of plaintiff. The statutes of this state and also the decisions of the courts of this state are extremely liberal in permitting amendments to pleadings so long as such amendments are in furtherance of justice, and amendments which even change the cause of action may be permitted provided they do not substantially change the plaintiff's claim. Ganas v. Tselos, supra; Wynnewood Cotton Oil Co. v. Moore, 54 Okla. 163, 153 P. 633.

In this argument defendant also asserts that plaintiff did not plead and prove that the intangible property tax was paid. This claim likewise cannot be sustained. Plaintiff offered her intangible tax receipt, which was accepted, and the defendant made no objection that the tax was not paid. Plaintiff offered evidence reasonably tending to prove that any taxes due, including the intangible property tax, on the property in question had been paid.

Proposition No. 2 is as follows:

"The trial court erred in overruling the motion of the plaintiff in error for a new trial for all of the reasons set forth therein (R. 216) on all of which the plaintiff in error relies, including the error of permitting the plaintiff to introduce evidence over the defendant's objection tending to prove matters not authorized by the pleadings. And the court further erred in all of the seven errors alleged in her petition in error (page 1) including the error of overruling her motion for new trial, and the error of the court in instructing the jury as to the law and pleadings controlling, and in sustaining and rendering judgment in support of the verdict of the jury in answer to the interrogatories submitted to it by the court."

So far as we are able to determine in this proposition defendant argues the sufficiency of the evidence. The evidence was conflicting. Aside from the evidence of plaintiff, which is sufficient to support the finding of the jury and the judgment of the court, certain admissions are made which we think justify the findings for the plaintiff. The sole issue, so far as plaintiff's contention was concerned, is whether there was an agreement to execute the note and mortgage for $1,000. This was answered in favor of plaintiff, and the record supports the judgment.

Certain objections to instructions given have been noted. They are all based on the theory that the only petition before the court was the paragraph amendment to the amended petition. Such position has heretofore been declared untenable. We find no objection to the instructions given. Likewise, the objection to the introduction of evidence received is based upon this fallacious conclusion that only the paragraph amendment to the amended petition was before the court at the trial.

We find no error in the proceedings, and the judgment is affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.