BEAM et al. v. GREEN.

No. 34668.   Nov. 12, 1952.

Rehearing Denied Jan. 10, 1953.

Application for Leave to File Second Petition for Rehearing Denied Jan. 27, 1953.

*252 P. 2d 444.*

Washington & Thompson, Oklahoma City, for plaintiffs in error.

George Miller, Jr., Oklahoma City, for defendant in error.

PER CURIAM. D. M. Green commenced this action in the court of common pleas of Oklahoma county against O. Thomas Beam and Lewis Culbert, d/b/a Beam & Culbert, to recover $140, and as a second cause of action he sought the cancellation of a note for $240 secured by chattel mortgage. The sum of $140 was alleged to have been the amount paid by plaintiff on the purchase price of a used car purchased by him from defendants, and the note and mortgage were given by plaintiff to defendants for the balance due upon the purchase price, including carrying charges, interest, and the premium upon a fire and theft insurance policy on the car, which plaintiff alleged was to have been secured and paid for by the defendants.

Plaintiff alleged that on January 10, 1949, he purchased from defendants a 1929 Model A Ford for an agreed price of $300, and that he was given credit of $100 as the agreed trade-in value of his old car, which he delivered to defendants, executing a note for the balance payable to defendants and secured by a chattel mortgage on the car. The note was payable in twelve monthly installments of $20 each and was for $240, being $200 balance on the purchase price, $20.20 for carrying charges or interest, and $19.80 to cover the premium on a policy of fire and theft insurance which defendants had agreed to secure and pay for. The note was assigned with recourse by defendants to the City National Bank & Trust Company, and after the fire this note was reassigned to defendants. Defendants paid the bank the installments due February 10, and March 10, 1949.

On March 29, 1949, plaintiff's garage and car were destroyed by fire. Plaintiff reported his loss to the bank and inquired about what insurance defendants had placed upon the car, and was told that the car had not been insured. Plaintiff then went to defendants and told Mr. Beam that his car had burned, and was again told that there was no insurance on the car.

Plaintiff alleged that the agreement of the defendants to insure the car was partly in writing and partly oral. In the application for credit to the bank, signed by both parties, under the heading "Statement of Transaction", there appears an item: "Finance charges, including insurance, $40.00." This appears to be the only written memorandum showing such agreement. However, there is ample testimony to support a finding that defendants agreed to secure such insurance and had been paid the premium thereon by plaintiff's note. Such insurance was not secured, and loss of the car while uninsured is the basis of this action.

The court sustained a demurrer to the second cause of action of plaintiff wherein he sought the cancellation of his note and mortgage. This left only his first cause of action for $140.

Defendants answered by general denial, but admitted the sale of the car to plaintiff and the terms of the sale. Defendants cross-petitioned for judgment against plaintiff for the balance due on his note for part of the purchase price and for attorney's fees as provided in the note. The jury found for the plaintiff for $140 and against the defendants on their cross-petition. Defendants have appealed, and submit seven propositions, which may be grouped around three principal issues. We shall refer to the parties as they appeared in the trial court.

It is urged that the court erred in refusing to direct a verdict for defendants because the evidence was insufficient to warrant a finding for plaintiff. This argument is based largely upon the failure of plaintiff to prove with certainty the value of the car before it burned and its value after the fire.

Defendants contend that the action is one for rescission rather than for damages for breach of contract, and that plaintiff cannot recover because the promise to insure the car was only incidental to the principal agreement of sale and purchase, and plaintiff made no tender to restore to defendants all of the benefits he had received.

It is also urged that the court erred in not sustaining defendants' motion to require plaintiff to elect his remedy and state whether he was proceeding under the equitable remedy of rescission or for damages for breach of contract. In the defendants' brief they make the following statement:

"For the purpose of this proposition and to give the *defendant* every benefit of doubt as to whether there was or was not an oral part of the contract for plaintiffs in error to furnish insurance on the automobile, we will admit that Beam & Culbert did agree to purchase insurance and that they failed to do so and the car burned."

We shall consider the foregoing questions in the inverse order in which they are stated.

A careful examination of plaintiff's amended petition leads us to the conclusion that it states a cause of action for damages for breach of contract to insure his car. In his prayer under the first cause of action, he prays for judgment for $140 "with interest thereon at 6% per annum from date of the breach of said contract, March 29, 1949 * * *." He does not mention damages; neither does he mention "rescission". He simply pleads the contract to insure, its breach, and the resultant loss to himself as a result of the breach.

In his second cause of action, plaintiff did pray for a cancellation of his note and mortgage, but a demurrer was sustained to that cause of action after defendants had cross-petitioned for judgment for the balance due upon the note. It is immaterial whether or not the second cause of action made plaintiff's action one for rescission, because the court sustained a demurrer thereto, leaving only plaintiff's first cause of action for the exact amount he had paid on the car. Since it was not in fact an action for rescission, it was not necessary for plaintiff to offer to return to defendants the benefits received by him.

Since we have decided that plaintiff's action was one for damages suffered by defendants' breach of contract, we find no merit in the contention that the breach of the agreement to insure was only incidental to the main purpose of their contract, which was one of sale and purchase. We need not consider further the contention relative to plaintiff's failure to tender all benefits received. The rule is well established that there must be a breach of the main purpose of the contract to entitle one to rescind. The sale and purchase of the car are not in controversy in this action. Such transaction is admitted by defendants. The agreed price of plain-

tiff's trade-in car was $100, and there is no dispute that he made two payments of $20 each on his note. The exact amount he had paid, $140, is all he asked and all that the jury awarded him.

When a demurrer was sustained to plaintiff's second cause of action, it left only his action to recover the actual amount in which he had been damaged by defendants' breach of their contract to insure his car.

The contention of defendants that the plaintiff's evidence was insufficient to sustain the judgment in his favor is based upon the failure of the plaintiff to produce direct evidence as to the value of the car immediately before and immediately after the fire. Plaintiff says that since the parties had agreed that the car was worth $300 less than three months before it burned, and since the car was then over 20 years old, it should be assumed that it had already depreciated to a point where depreciation within such a short period of time would be negligible.

Plaintiff alleged that the car was completely destroyed by the fire. He testified, "My car was in the garage, and all burned up, so I immediately called the bank * * * told them my garage burned and my car was in it"; that he told Mr. Beam that "my garage and car burned up." The latter statement was confirmed by Mr. Beam. We note that defendants made no effort to establish that the car had any salvage value after the fire, and made no effort to offset plaintiff's claim by establishing a value after the fire. Plaintiff offered on rebuttal to introduce evidence on its value immediately before and immediately after the fire, but defendants objected, and the court sustained their objection. Plaintiff again offered such evidence before the case was submitted to the jury, but defendants' objections were again sustained.

In Chicago, R. I. & P. Ry. Co. v. Morton, 57 Okla. 711, 157 P. 917, and in Jenkins v. Davis, 111 Okla. 191, 239 P. 135, it was held:

"Where counsel for plaintiff in error has invited the action of the court upon which he predicates error, he will not be heard to complain thereof."

We conclude that the finding of the jury is supported by competent evidence to the effect that the car was worthless after the fire; and that the agreed sale value of $300 less than three months before the fire was sufficient to warrant the jury in awarding to the plaintiff the sum of $140, in which amount he had been damaged by the failure of defendants to insure his car.

We agree with defendants that the plaintiff was entitled to recover only such sum as he would have been entitled to recover under a policy of insurance at the time the car was destroyed. When we consider the age of the car, it is hardly conceivable that had the car been insured plaintiff would not have been entitled to recover as much as $140 as its value at the time it was destroyed.

We think that instruction No. 5, given by the court, was harmless error. It instructed the jury that if it found for the plaintiff it should award him $140. There was no dispute over the fact that he had paid that amount on the car before it was destroyed. He was definitely entitled to recover that amount or nothing. Plaintiff had had the use of the car for 78 days, but defendants made no effort to prove the value of such use. The old car traded in by plaintiff at an agreed value of $100 had been in the possession of defendants for the same period of time, or at least under their control, but plaintiff elected to treat his loss of that car at its agreed value of $100.

We conclude that such minor errors as appear in the record were harmless. The judgment is therefore affirmed.

This Court acknowledges the services of Attorneys John P. Fullerton, W. W. Godlove, and Ralph H. Cline, who as

Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V.C.J., and CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.