Robert W. BOOTH, Marietta F. Booth, C. M. Pierce, Albert Johnston and Marjorie Johnston, Plaintiffs in Error,

v.

RED EAGLE OIL COMPANY, Inc., The Halliburton Company, a corporation, and East Central Oklahoma Electric Cooperative, Inc., Defendants in Error.

No. 40465.

Supreme Court of Oklahoma.

May 27, 1964.

Frank R. Hickman, Tulsa, for plaintiffs in error.

Smith & Inglish, Okmulgee, for defendant in error, The Halliburton Company.

Steele & Richeson, Okmulgee, for defendant in error, East Central Oklahoma Electric Cooperative, Inc., and for Clarence A. White.

IRWIN, Justice.

The Halliburton Company, a corporation, referred to as Halliburton, commenced proceedings against Red Eagle Oil Co., Inc., Robert W. Booth, Marietta F. Booth, C. M. Pierce, Albert Johnston, Marjorie Johnston, and others, to recover a money judgment, establish a lien against a certain leasehold estate and foreclosure of such lien. East Central Oklahoma Electric Cooperative, referred to as Cooperative, was joined as a party defendant for the purpose of establishing and adjudging Halliburton's lien to be prior and superior to any lien that the Cooperative might have against the leasehold estate.

Prior to answer date and before any of the other defendants filed any pleadings, Cooperative filed an answer and denied the

superiority of Halliburton's lien and filed a cross petition to recover a judgment against the defendants, establish its lien against the leasehold estate and foreclosure of such lien.

Halliburton alleged, inter alia, that all of the defendants, except Cooperative, were the owners of the leasehold estate; that said defendants were associated together as mining partners and joint venturers in the operation of the leasehold estate and cooperated in the drilling and development of the same; that each defendant acted as the duly authorized agent, representative and mining partner of each and all the others; that Halliburton entered into an agreement with defendant Red Eagle Oil Co., which was acting as the duly authorized agent, representative and mining partner of each and all of the other defendants for Halliburton to furnish certain materials, equipment, supplies, services and labor upon the leasehold estate; that it had carried out the terms of the agreement and there was due and owing the sum of $4,-860.51. Halliburton also sought a reasonable attorney's fee.

Defendants Booths and Johnstons filed a general denial and specifically denied that they were mining partners and that if they ever acted for and on behalf of said leasehold estate, it was as officers, agents and servants of Red Eagle Oil Company and that said Company as a separate entity, is the only one required to pay the indebtedness.

Red Eagle Oil Company filed a general denial.

Thereafter, Halliburton filed a Notice of Motion for Leave to File Amendment to its Petition and mailed a copy thereof to the attorney of record for the defendants. This motion came on for hearing and Halliburton was granted leave to file an amendment to its Petition. In Halliburton's amended Petition, it alleged that defendants Robert W. Booth, Albert Johnston and C. M. Pierce, personally and severally agreed, promised and guaranteed in writing to pay a maximum of $5,000.00 of the indebtedness of said materials and equipment, and said promise and agreement was in addition to their liability and obligations as members of the mining partnership and joint venture. Attached to the amended petition and made a part thereof was a Letter of Guaranty executed by the three defendants above named.

Defendant Pierce filed a general denial to the petition and the amendment thereto.

Thereafter the cause was set for hearing. In the trial court's journal entry of judgment there was a finding that defendants failed to appear and the cause proceeded to trial. Judgment was rendered in favor of Halliburton and Cooperative but Halliburton's lien was adjudged to be superior to the lien of Cooperative. Defendants' motion for a new trial was overruled and they have perfected the present appeal.

## PROPOSITION I

Defendants contend the judgment is contrary to the law and the evidence.

To sustain this contention, defendants contend that the amended petition filed by Halliburton, changed the issues and whether they appeared at the time of trial or not, any judgment rendered in excess of $5,000.00 was contrary to the pleadings of Halliburton and contrary to law.

■ In Sanders v. McCammon, Okl., 365 P.2d 730, we said that the trial court has a wide discretion in granting amendments of pleadings either before or at the time of trial. In Platt v. Wyatt, 192 Okl. 172, 135 P.2d 990, we held that under Title 12 O.S.1961, Sec. 317, courts are liberal in permitting amendments to pleadings so long as such amendments are in the furtherance of justice and do not substantially change the plaintiff's claim.

■ In the instant action, defendants had notice of the amendment and the contents thereof. Although the amended petition did allege a written guarantee executed by certain defendants wherein each defendant agreed to be personally and severally liable up to $5,000.00 for credit extended,

the amended petition also contained the allegation that such guarantee and promise was in addition to said defendants' liabilities and obligations as members of the mining partnership and joint venture.

The judgment of the trial court was in conformity with the pleadings contained in Halliburton's petition and amendment thereto. Although the amendment may have changed defendants' alleged obligations to Halliburton, such amendment did not substantially change plaintiff's claim against such defendants as the petition and amendment thereof concerned the same transactions and the same subject matter.

Defendants contend that the judgment rendered is inconsistent with the lien filed by Halliburton. Defendants cite no authority to sustain this contention and cite no authority to show that the lien statement did not comply with the statutory provisions. However, if we assume said lien statement as filed is inconsistent with the judgment rendered, Title 42 O.S.1961 § 172, provides, inter alia, that in case an action is brought, any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any manner.

Defendants did not challenge the sufficiency of the lien statement in their pleadings nor did they allege that the lien statement was inconsistent with the pleadings. Had the sufficiency or inconsistency of the lien statement been raised in the trial court, the trial court would have been justified under the provisions of Sec. 172, supra, in allowing Halliburton to amend its lien statement "in the furtherance of justice." Defendants' rights have not been prejudiced and defendants are too late to now challenge the judgment foreclosing the lien on this ground.

Defendants further contend that they could not be liable individually for the reason that where a contract is made with a corporation, which acts as operator of a leasehold estate through its agents,

servants and employees, the servant or officer so acting does not become personally obligated for the debt, but the liability attaches only against the corporation.

In the instant action, Halliburton alleged the defendants were associated as a mining partnership and joint venture and that Red Eagle Oil Company acted as their duly authorized agent, representative and mining partner. The trial court found that Halliburton had sustained its allegations and rendered judgment accordingly.

In view of the presumption of correctness which accompanies a trial court's judgment on appeal, it is not the duty of this Court to find some theory on which to reverse a judgment of the trial court. See State ex rel. Com'rs of Land Office v. Landess, Okl., 293 P.2d 574.

Since the evidence upon which the trial court's judgment was rendered is not before this Court, and in view of the presumption of correctness which accompanies the judgment appealed from, we can find no merit in this contention.

Defendants contend no issues were made of the claim of Cooperative nor was service ever obtained on its cross petition. In this connection we find that Cooperative was made a party defendant and filed its cross petition before answer date and prior to the time any of the defendants had filed a motion or pleading. In Glenn v. Prentice, 158 Okl. 73, 12 P.2d 170, we held that where a party to an action has been regularly served with summons, he is in court for every purpose connected with the action and must take notice of all pleadings, including a cross petition against him, so long as the time has not expired for him to plead.

## PROPOSITION II

Defendants contend the trial court erred in rendering judgment against defendants without any trial by jury having been waived. In this connection defendants argue that the question as to whether the defendants were mining partners was

a question of fact to be tried and passed upon by the jury.

■ In the journal entry of judgment the trial court found, " * * * this matter came on for trial pursuant to regular assignment, trial by jury having been waived in open court, * * *." Title 12 O.S.1961 § 591, provides, "That the trial by jury may be waived by the parties, * * * By the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney. * * *" In Farmers' and Merchants' Ins. Co. v. Cuff, 29 Okl. 106, 116 P. 435, 35 L.R.A.,N.S., 892, we held that where a certain cause having been assigned and regularly reached on call for trial, the plaintiff appearing, but the defendant failing to appear, constituted a waiver of trial by jury by said defendant; and, the plaintiff having waived of record a jury trial, said cause was properly triable by the court.

The cause was regularly set for hearing and Halliburton and Cooperative waived a jury trial by and through their attorneys. The defendants did not appear, although called three times in open court to appear. Under such circumstances there can be no error predicated on the fact the cause was not tried to a jury.

## PROPOSITION III

■ Defendants contend the trial court erred in executing and signing the Journal Entry of judgment without first requiring Halliburton's attorney to submit the same to attorney for defendants for approval.

Defendants cite no authority to sustain this contention and do not point out in any manner that the Journal Entry of judgment as signed by the trial court was in conflict or not in complete harmony with the actual judgment rendered.

Judgment affirmed.

BLACKBIRD, C. J., and HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS and BERRY, JJ., concur.