**E. R. BOETTLER, Plaintiff in Error,**

v.

**Roy ROTHMIRE and Grace Rothmire, Defendants in Error.**

**No. 41451.**

Supreme Court of Oklahoma.

June 11, 1968.

Raymond D. North, Enid, for plaintiff in error.

Shutler, Shutler, Baker & Simpson, Kingfisher, for defendants in error.

HODGES, Justice.

This is an appeal by defendant E. R. Boettler from a judgment in favor of plaintiffs Roy Rothmire and Grace Rothmire which first reformed, then cancelled, an agricultural lease. The judgment terminated the defendant's rights under the lease and also awarded to the plaintiffs the sum of $483.00 for past due rental.

Reference in this opinion to plaintiff in the singular will designate the plaintiff Roy Rothmire.

The lease in question was dated February 25, 1961. It was between plaintiff as lessor and defendant as lessee. Before reformation, the premises covered by the lease was the NE/4 of Section 1, Township 18 N., Range 9 W. of the I.M., Kingfisher County. The judgment reformed the lease to include only the N. 100 acres of the NE/4.

The petition alleges that plaintiff and defendant entered into a "verbal" agreement whereby plaintiff leased to defendant the NE/4, less the approximately 60 acres along the South side of it. Plaintiffs assert that the consideration for the "oral" lease was $3.50 per acre per year for the 100 acres for a term of five years and five months from March 1, 1961, to August 1, 1966. Plaintiffs allege that defendant requested a written lease from plaintiff on or about February 25, 1961, and that plaintiff executed the requested written lease without reading it, due to the press of other involvements and in reliance upon defendant's representation that the lease conformed to the earlier oral lease. Plaintiffs

allege defendant's subsequent possession of the N. 100 acres, payment of the agreed rental through July 31, 1963, and non-payment of the rental thereafter.

Plaintiffs allege that it was during the first quarter of 1963, when defendant referred plaintiff to the terms of the written lease, and this was the first they knew that the description in the lease included the whole quarter section and that defendant claimed the right to possession of all of it.

Plaintiffs also allege that the S. 60 acres of the 160 acres was under soil conservation contract with the government, i. e., in the soil bank and that the defendant was advised of this government contract prior to the lease agreement between them.

Plaintiffs allege that the defendant falsely and fraudulently represented the written lease to be in conformity with the oral lease, and that he made such representation to induce plaintiff to sign it. Plaintiffs allege their long and satisfactory relationship with defendant and an absence of any reason to doubt his integrity as justification for reliance by plaintiff upon such representations of the defendant.

Plaintiffs sought reformation of the lease to conform to the alleged oral lease agreement, cancellation of the lease for nonpayment of the rental, and money judgment from the defendant for use of the 100 acres from July 31, on a quantum meruit basis of not less than 30¢ per acre per month.

By answer defendant admitted plaintiffs' ownership of the premises. He denied making a verbal lease or the alleged representations which plaintiffs assert induced them to execute the lease. He denied plaintiffs' allegations regarding his knowledge that the 60 acre tract was in the soil bank. Defendant alleged that he discovered the 60 acres was in the soil bank by his own investigation after execution of the lease, and that after his discovery of that fact in a discussion about it with plaintiff, plaintiff told him that his con-

tract on that property was soon to expire and that an adjustment in rent would be made.

Defendant entered a general denial, and by cross-petition sought judgment against plaintiff for $2,500.00. In his cross-petition against plaintiff, defendant alleged purchase of 24 head of Angus cattle from plaintiff which he represented to be registered cattle. The transaction for purchase of the cattle was alleged to have been negotiated in connection with defendant's getting the lease. Defendant alleged plaintiff's failure to deliver registration certificates as agreed resulted in a loss to him of $2,500.00 by reason of his being required to sell the cattle as unregistered cattle. As an alternative to defendant's prayer for denial of plaintiffs' prayer for reformation of the lease, defendant sought forgiveness of the rental due, $316.82, and for judgment for expenditures in the amount of $783.12 which he incurred in improving the leasehold in reliance upon his having a lease for the period stated.

Plaintiff testified to facts substantially as alleged in the petition. Mr. Major, head clerk of the federal soil conservation agency, was called, and he produced plaintiff's soil bank contracts, including the 60 acres in dispute. The contracts of plaintiff as to all the property which he had contracted for inclusion in the soil bank, were admitted without objection. Mr. Major, without objection, was permitted to testify that the original contract as to the disputed 60 acres was entered into in 1958, for a ten year period, that in June, 1961, all of plaintiff's contracts were consolidated into a single contract and that the contract regarding the 60 acres was included in such single contract and that the terms of that contract were not changed by consolidation.

The only evidence as to rental on the premises, in addition to that fixed by the lease, and that paid through July 31, 1963, is plaintiff's testimony that defendant owed him $483.00 unpaid rent, and that when he had previously rented the whole 160 acres, it had been for $500.00 per year.

Defendant has presented three allegations of error. They are:

1. A lease cannot be reformed to comply with an oral agreement which is in violation of the statute of frauds;

2. When recovery is allowed on "quantum meruit", there must be proof of the reasonableness of the amount claimed, based on the value of the benefit received; and

3. All claims involving the same transaction may be litigated in one suit.

From reading the record in this appeal in conjunction with defendant's brief, it is apparent that defendant's counsel has misunderstood the nature of plaintiffs' action. Plaintiffs sued to reform the written lease to conform to the actual agreement of the parties which was manifest in the oral lease. Defendant's brief appears to assume that the nature of the remedy sought by plaintiffs was to expunge the written lease from existence with the result that the oral lease was thereby revived. Having arrived at that conclusion, defendant then asserts the invalidity of the oral lease under the statute of frauds, 15 O.S.1961 § 136.

■ We agree that the oral lease agreement of plaintiff and defendant was invalid by virtue of the statute of frauds. The judgment of the trial court, however, did not attempt to uphold the validity of the oral agreement. The judgment merely reformed the written lease to speak the truth which would reflect the real agreement and intent of the parties.

■ Plaintiffs allege false and fraudulent representations on the part of the defendant which induced plaintiff to sign the written agreement. When the execution of a written contract is procured, either through mutual mistake, or through mistake on the part of one and fraud or inequitable conduct on the part of the other,

and the contract fails to express the real agreement and intent of the parties, a court of equity will grant reformation of the instrument to speak the truth. Smiley v. Jaggers, Okl., 327 P.2d 652; Douglas v. Douglas, 176 Okl. 378, 56 P.2d 362; Ohio Casualty Ins. Co. v. Callaway, 10 Cir., 134 F.2d 788; and Hayes v. Travelers Ins. Co., 10 Cir., 93 F.2d 568, 125 A.L.R. 1053.

The evidence fully supports the conclusion of the plaintiff that he signed the written lease under a mistaken belief that it included only the N. 100 acres. The record shows execution of the lease the defendant took possession of only the N. 100 acres and made no claim for possession of the S. 60 acres until after the lapse of approximately two years. During this period, according to plaintiff, the defendant paid, without complaint, the agreed rental on the N. 100 acres. The evidence also showed that defendant was aware of the government soil bank contract on the S. 60 acres and the inability of plaintiff to lease that portion of the property.

We find defendant's first allegation of error to be wholly without merit.

Defendant's second alleged error, that when recovery is allowed on "quantum meruit", there must be proof of the reasonableness of the amount claimed, based on the value of the benefit received, raises no ground for reversal in this case. We take defendant's complaint to be, succinctly, that the judgment of the trial court for past due rental was entered upon insufficient evidence of the value thereof.

The trial court by its judgment of reformation held that the real intent of the parties was to lease the 100 acres for a yearly rental of $350.00. We understand the parties' agreement on rental to be evidence of the reasonable value of the property for that purpose. Plaintiff's testimony that when he had previously rented the whole 160 acres, it had been for $500.00 per year. That, also, is evidence of the reasonable value of the property for lease purposes. We are aware of no particular form that testimony or other proof of the reasonable rental value of property must follow. The fact that defendant paid the rental of $350.00 per year for nearly two years without using the 60 acre tract is additional evidence of the reasonable value of the property for rental purposes. Moreover, it must be borne in mind that the evidence shows that plaintiff was the owner of several farms in the area, and that his testimony of the rental rate, and the other evidence was admitted without objection. Defendant offered no evidence of his view of the reasonable rental value. This evidence, uncontradicted by other evidence, amply supports the trial court's conclusion that the reasonable rental value of the 100 acres is $350.00 per year.

As to the alleged benefit received by defendant from the possession of the premises, there is no evidence in the record to justify the argument in the brief that defendant abandoned the 100 acres after he was served with an order restraining his possession and dominion over the 60 acre tract.

The propriety of the application of a "quantum meruit" rule to ascertainment of the reasonable rental value of property has not been raised by defendant, and is not here decided. We have addressed ourselves exclusively to the question of the sufficiency of the evidence upon the presumption that the rule is appropriate, but without deciding that it is.

Defendant's third allegation of error, that the trial court erred in denying him the right to litigate his cross-petition against plaintiff in this action, presents a matter which has not been properly preserved for review.

After the trial court had sustained objections to the admissibility of defendant's testimony designed to establish the allegations of his cross-petition, defense counsel withdrew the defendant as a witness. When plaintiffs sought cross examination of defendant, defense counsel moved "that all of our testimony be strick-

en.", and the trial court approved the motion. Whatever the errors of the trial court in ruling upon the admissibility of defendant's testimony, they were withdrawn from our consideration when defendant procured the testimony to be stricken from the record. A party will not be heard in this Court to assert errors which were invited and induced by himself. Beam v. Green, 208 Okl. 10, 252 P.2d 444. When the testimony was stricken, it was not a part of the reviewable record.

The trial court did not sustain a demurrer to the cross-petition or to defendant's evidence in support of it. The trial court did not sustain plaintiffs' motion for a directed verdict or their motion for judgment. The judgment makes no general finding in favor of plaintiffs and against the defendant. The journal entry of judgment makes no disposition of defendant's cause of action against plaintiff. It appears that defendant abandoned his cause of action, and that he was prompted to do so by the trial court's expressed opinion that it could not be litigated in this suit.

We hold that the record is insufficient to justify a review of defendant's third alleged error. In so holding, we are not to be understood to be in agreement with the trial court's opinion that defendant's cause of action, as set forth in his cross-petition, could not be litigated in this suit. Meyer v. Vance, Okl., 406 P.2d 996. We are deciding no issue, either procedural or substantive, regarding the effect of the proceedings in the trial court upon defendant's cause of action against plaintiff as to any future litigation.

We have examined the record and find that defendant's other complaints regarding the conduct of the trial are without substantial merit.

Affirmed.

JACKSON, C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, LAVENDER and McINERNEY, JJ., concur.