**Gene WEBSTER and Oneta Y. Webster, Appellees,**

v.

**Frank A. WOODS and Shirley J. Woods, Appellants.**

**No. 50848.**

Court of Appeals of Oklahoma, Division No. 1.

May 16, 1978.

Released for Publication by Order of Court of Appeals Nov. 17, 1978.

338

Keith Cooper, Seminole, for appellees.

Henson & Henson by J. Roger Henson, Shawnee, for appellants.

ROMANG, Judge:

The Plaintiffs-Appellees brought this action to specifically perform a written con-

1. The allegations indicate that the actual dispute was over whether the Plaintiffs were to pay $12,000 total on certain assumed mortgages or were to pay the $12,000 remaining balance plus interest per the outstanding notes. These facts do not affect the appeal and are included in this note for purposes of background.

tract to convey certain real property. The Defendants-Appellants answered and counterclaimed for reformation of the written contract to reflect that the Plaintiffs had not fully paid their obligation including interest.[1] The District Court sustained Plaintiffs' demurrer to the answer and counterclaim on the ground that it alleged an oral "agreement or agreements that are violative of the statutes of the State of Oklahoma . . . ." Although the District Court did not refer to any authority it is apparent that he was referring to the Statute of Frauds and the parol evidence rule, 15 O.S.1971, §§ 136, 137. We reverse.

In ruling on a demurrer the allegations challenged by the demurrer are to be liberally construed in favor of the pleader. 12 O.S.1971, § 2 and *Kelough v. Neff,* 382 P.2d 135 (Okl.1963). So construed, the Defendants' counterclaim plainly alleges that the written contract does not accurately reflect the true agreement of the parties. Where a written agreement does not accurately reflect the parties' agreement it may be reformed by a court of equity. *Boettler v. Rothmire,* 442 P.2d 511 (Okl.1968). As noted by a prominent authority "[c]ontracts are not reformed for mistakes; writings are." Calamari and Perillo, The Law of Contracts p. 312 (2d Ed. 1977). The theory is that there was in fact an oral agreement which, through error or fraud, was not accurately reduced to writing. In such a case the parol evidence rule is inapplicable since the oral testimony is offered not to modify the written contract but to show it is not the agreement of the parties. *Nelson v. Daugherty,* 357 P.2d 425 (Okl.); and Calamari and Perillo, supra p. 112.

Plaintiffs contend that the application of the rule destroys the sanctity of a written agreement. The application of this rule is well protected by other rules. Thus the burden of proof required to show that a written agreement should be reformed is a heavier burden than usual in civil litigation.

*Ware v. City of Tulsa,* 312 P.2d 946 (Okl. 1957) and *Dennis v. American-First Title and Trust Co.,* 405 P.2d 993 (Okl.1965).

Plaintiffs also contend that under 15 O.S.1971, § 63 the mistake in question was caused by the failure of the Defendants to read and understand the written agreement. But caselaw reflects that while the negligence of a party seeking to reform a written agreement may bar equitable relief, that the issue is a fact issue for the court of equity to judge in each case, *Crabb v. Chisum,* 183 Okl. 138, 80 P.2d 653 (1938), and the mere failure to read will not bar reformation *ipso facto. Okl. City Fed. Sav. & Loan v. Clifton,* 183 Okl. 74, 80 P.2d 283 (1938).

It is the function of the law of contracts to give effect to the consensual agreements of those with contractual capacity and not to obstruct the determination of their agreement. All the rules are designed to protect this agreement process to permit people to order their own lives to the degree circumstances permit. The Statute of Frauds and parol evidence rules further this objective. The argument that the alleged oral agreement would violate the Statute of Frauds overlooks the fact that contracts subject to the Statute have been the frequent objects of reformation. See, e. g., *Cunnius v. Fields,* 449 P.2d 703 (Okl.1969) (deeds) and *Platt v. Wyatt,* 192 Okl. 172, 135 P.2d 990 (1943) (mortgages and notes). It is a written instrument which is reformed to reflect the true agreement of the parties. As such the reformed written agreement meets the Statute's demands for a writing.

Whether Defendants can prevail on the facts is not a question for this Court. The allegations, however, present factual questions for the District Court. We reverse and remand for further proceedings.

REVERSED AND REMANDED.

BOX, P. J., concurs.

REYNOLDS, J., not participating.