**Joseph NUNN, Appellee,**

v.

**Larry ARNHART, Appellant.**

**No. 79542.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 10, 1993.

James R. Pratt, Eufaula, for appellant.

W.R. Burnham, Eufaula, for appellee.

### MEMORANDUM OPINION

GARRETT, Judge:

Joseph Nunn leased approximately 1,200 acres of land to Larry Arnhart. Arnhart and his son used the land to pasture their cattle. Nunn reserved the wheat allotment, the right to plant and harvest the wheat, and all proceeds from the sale of wheat and all government program benefits. Arnhart and his son were permitted to use the growing wheat for pasture but were required to use it in such manner that the wheat crop was not damaged.

Nunn claimed the cattle damaged his wheat crop each Spring for several years, and sued Larry Arnhart in small claims court for $2,500.00 damages. On January 22, 1992, the Court entered judgment for Nunn against Arnhart for $2,500.00.

On January 31, 1992, the 9th day after the judgment was entered, Arnhart filed a MOTION TO CORRECT, OPEN, MODIFY, OR VACATE JUDGMENT. The motion was filed "pursuant to 12 O.S. (1991) § 1031.1". While the relief requested was not stated, the Court was, in effect, requested to reconsider the case. In the motion, Arnhart alleged: "... the Order in this matter is contrary to the facts and evidence adduced at the trial on the merits ...". No other error or basis for relief was asserted. Nunn asked the Court to treat the motion as a Motion for New Trial, and contended it was too vague and non-specific to raise any legal issue. The trial court treated the motion as being a Motion for New Trial, and then ordered that it was "vague, non-specific and overruled". The order denying the motion was entered on March 30, 1992. The petition in Error was mailed to the Clerk of the Supreme Court on April 29, 1992, and this appeal was filed on April 30, 1992.

Nunn filed an application for attorney fees. The trial court ordered Arnhart to pay a fee of $900.00 to Nunn's attorney. The original petition in error appealed the judgment entered January 22, 1992. An amended petition in error was filed to appeal the attorney fee order. A copy of the March 30, 1992 order denying Arnhart's motion to "reconsider" was attached to the amended petition in error.

Nunn's motion to dismiss appeal is denied. It is based on matters relating to the merits and does not properly raise any jurisdictional issue. The appeal was timely filed. See Rules of Appellate Procedure in Civil Cases, Rule 1.12, Oklahoma Statutes 1991, Title 12, Chapter 15, Appendix 2.

Arnhart contends the trial court erred in considering his motion to "reconsider" as being a motion for new trial and then denying the motion because it was vague and non-specific. He reasons that the rules and cases, requiring his pleading to be specific, apply only to motions for new trial, and not to motions filed under 12 O.S.1991 § 1031.1. He cites cases holding that § 1031.1 is an extension of the common law which gave trial courts control of their judgments during term time, that § 1031.1 is nothing more than a recognition that "term time" no longer exists, and substituting a period of 30 days after a judgment is entered for the common law "term time". He contends he was not required to wait until time to file a motion for new trial had expired before he could file his § 1031.1 motion. Then he contends the common law does not require his § 1031.1 motion to be

specific. Nunn claims that District Court Rule 17, and case law, both authorize and require the motion to be considered to be a motion for new trial, if it is filed within the 10–day period after a judgment is entered. Regardless of which party is correct, it is not necessary for this Court to decide the issue. Either way, this case must be affirmed.

Arnhart's petition in error attempts to raise two other propositions, both of which relate to the sufficiency of the evidence to support the judgment. At the trial, a basic issue was the value of the growing crop of wheat in each of the years involved when it was damaged or destroyed. Nunn was allowed to present evidence as to the cost and expense of preparing the land, planting the wheat, and caring for it up to the time it was damaged. When Nunn attempted to present evidence of the cost of combining, harvesting and hauling the grain to market, Arnhart objected on the ground that the evidence was immaterial and would serve no purpose. The objection was sustained. On appeal, Arnhart attempts to change his position, and contends the evidence of the cost of preparing the land, planting the wheat and caring for it up to the time it was damaged, was immaterial; and, he cites case law so holding. He now contends the case law requires the value of the growing crop at the time it was damaged to be determined, and then to determine and deduct the cost of continuing to care for the crop, harvesting it, and selling the grain (if that had been done), in order to determine the amount of damages.[1] Thus, he contends the evidence was totally insufficient to sustain the judgment.

 Nunn's response to Arnhart's argument is two-pronged. If the motion was properly deemed to be a motion for new trial, then it was clearly vague and non-specific, and did not raise any issue to be considered by the Court. See Rule 1.16(D) of the Rules of Appellate Procedure in Civil

Cases, and *Horizons, Inc. v. KEO Leasing Company*, 681 P.2d 757 (Okl.1984). If the motion was erroneously deemed to be a motion for new trial, and if it should have been considered as a § 1031.1 common law motion to vacate or "reconsider", then (Nunn contends) Arnhart may not be allowed to complain about errors he invited. He cites *Beam v. Green*, 208 Okl. 10, 252 P.2d 444 (1952), and *Aronson v. Aronson*, 468 P.2d 493 (Okl.1970). We agree with Nunn's arguments in both instances.

We are constrained to point out that Arnhart's various arguments conflict with each other. *First,* he contends, and cites cases, that the cost of preparation, plowing, planting, etc. prior to the time of damage, may not be considered in determining the amount of damages to a growing crop. Then he contends that the value of the growing crop at the time of damage, less the amount that would have been necessary to harvest and sell the crop, is the correct measure of damages. *Second,* under another proposition, he contends the maximum amount of damages in this case would be the value of the standing crop at the time of its damage less the previous cost of preparation of the land, plowing, planting, and caring for the crop until it was damaged. The first argument constitutes a material change of position from that taken at the trial, which we will not permit. The second argument lacks merit. An examination of the record in this case discloses that the evidence presented would support a finding that the total value of the wheat crops at the time of the alleged damages was greatly in excess of the amount of the judgment.

We find no abuse of discretion on the part of the trial court. Under the state of the record, reversible error has not been shown as to the original judgment. The judgment dated January 22, 1992, and the order denying Arnhart's motion to "reconsider" is affirmed.

In his amended petition in error, and in his briefs, Arnhart sets forth several prop-

---

**1.** Cf. *Bowles v. Brown*, 187 Okl. 264, 102 P.2d 837 (1940); *Crow v. Davidson*, 186 Okl. 84, 96 P.2d 70 (1939); and, *Garrett v. Haworth*, 183 Okl. 569, 83 P.2d 822 (1938).

ositions relating to his claim that the trial court erred in entering an order relating to attorney fees. The record discloses that Nunn advised the Court of the number of hours his attorney worked on the case and the amount of his per hour charge. Arnhart stipulated that the number of hours worked on the case, and the amount of the hourly charge, was reasonable. Based on that information, the Court entered the order. Attorney fees are allowable to the prevailing party in this type of action. See 12 O.S.1991 § 940 and 12 O.S.1991 § 1764. We find no error or abuse of discretion in connection with the propositions briefed by Arnhart, except his argument that the trial court exceeded its jurisdiction in awarding a judgment to a non-party.

■■■ The application for attorney fees was filed by Nunn's attorney, but it is clear that it was filed for the benefit of Nunn as Plaintiff and prevailing party. However, the trial court's order is as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that an attorney fee in the amount of $900.00 is awarded to W.R. Burnham, attorney for plaintiff for all proceedings in the trial court as listed on the application for attorneys fees through the date as shown on the itemized list filed with the application for attorneys fees.

W.R. Burnham was attorney for a party, but was not a party to the action. Judgments run in favor of or against litigants only. *Bowman v. Bowman*, 639 P.2d 1257 (Okl.App.1981); and, *Gardner v. Gardner*, 629 P.2d 1283 (Okl.App.1981). The *Bowman* Court said it was error to enter a judgment in favor of a party's attorney against the other party for attorney fees. See footnote 4 at page 1260 of 639 P.2d. For this reason, the order relating to attorney fees must be vacated.

The order of the trial court dated May 11, 1992, is vacated and this case is remanded to the trial court for further proceedings relating to attorney fees in the trial court. Specifically, the order and judgment must run in favor of Nunn, and not his attorney. In all other respects, the judgments and orders of the trial court are affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for further proceedings not inconsistent with this opinion.

HUNTER, P.J., and BAILEY, J., concur.